JAMES EUGENE BLACKMON,

*Plaintiff-Appellant and Appellant,*

**vs.**

DRIVER'S LICENSE DIVISION of The Highway Department of the State of Wyoming,

*Defendant-Appellee and Respondent.*

(No. 2420; March 15, 1949; 203 Pac. (2d) 965).

For Plaintiff-Appellant and Appellant, the cause was submitted on the brief of Bryant S. Cromer of Casper, Wyoming.

For Defendant-Appellee and Respondent the cause was submitted on the brief of Norman B. Gray, Attorney General, John S. Miller, Deputy Attorney General and Marion R. Smyser, Ass't. Attorney General, all of Cheyenne, Wyoming.

## OPINION

RINER, Chief Justice.

The District Court of Natrona County on May 4, 1948 rendered a judgment in favor of the Driver's License Division of the Highway Department of the State of Wyoming, defendant and appellee herein and against James Eugene Blackmon, plaintiff and appellant which was entered in the Court's journal the same day. This judgment undertook to decide whether said plaintiff, who will usually be so designated subsequently, was entitled to a license to drive and operate an automobile within this state, whether the action of the Highway Department aforesaid in undertaking to revoke the license of plaintiff as described in his petition, was null and void and also whether said Department should be required to give plaintiff the usual examination to obtain such license. Briefly this is also in substance another appeal sought from the action of the State Highway Department's Driver's License Division in revoking plaintiff's automobile license pursuant to the provisions of Section 15, Chapter 162, Laws of Wyoming, 1947 as in Case No. 2417, Lee Albert House vs. Wyoming Highway Department, this day decided. The case at bar and that just mentioned present many features in common as will readily be seen from a short resume of the facts shown by the record before us.

These facts are: Plaintiff on or about July 5, 1947 was, by a written authorization given the privilege by the Department above mentioned, of operating a motor vehicle in the State of Wyoming. He evidently made use of this privilege and license for on October 9, 1947 a sworn complaint in writing was made and filed in the Court of John McGrath, a Justice of the Peace of Natrona County, Wyoming in the City of Casper charging that Plaintiff Blackmon on or about September 25,

1947 operated a motor vehicle on one of the streets of said City of Casper:

"in a reckless and dangerous manner, to-wit: at speed in excess of 30 miles per hour and failing to keep his vehicle under proper control and operating it while under the influence of intoxicating liquor and so did endanger the lives, limbs, and property of persons, and did maim and injure at said time and place one Clyde Miller, . . . "

On October 9, 1947, after a jury trial of the issues tendered by a plea of "not guilty" the plaintiff Blackmon was found guilty as charged and was sentenced to pay a fine of $100 and $15 costs, which he duly paid. No proceedings were instituted to review this judgment. The defendant-appellee upon receiving a duly certified transcript of this conviction revoked Blackmon's privilege to operate a motor vehicle in this state for a period of one year. Plaintiff was notified of this revocation by a written and printed form practically identical with that set forth in the opinion filed in the House Case referred to above as our No. 2417. In that letter dated on or about November 13, 1947 and received by plaintiff on the 15th day of November following, it was stated:

"This withdrawal is effective until October 9, 1948 at which time you will receive a letter of reinstatement from this Division."

The proceeding in the case at bar in the District Court of Natrona County appears to have been instituted under the provisions of subdivisions "(3)" and "(4)" of said Section 15. No trial seems to have been had in the District Court at which evidence was introduced but the case appears to have been submitted and disposed of on the pleadings only. As already stated, the decision of the District Court was adverse to plaintiff who thereafter brought the cause here for a review of the judgment with which he is dissat-

isfied. The record on appeal was filed in this Court June 23, 1948. The plaintiff's brief and abstract were thereafter filed here on August 19, 1948. October 6, 1948 the brief of the Attorney General in behalf of the appellee was also filed in this Court. There was no request preferred that the cause be advanced for hearing. The case was not argued orally but was taken under advisement on the briefs of the parties when counsel for the appellee stated that the attorney for the plaintiff had previously died and consequently no oral argument would be submitted by them.

The statutory provisions involved in the instant case are substantially the same as those set forth in the opinion filed in the House case supra. The applicable provisions of law covering its disposition are the same. Accordingly it will not be necessary to repeat them here.

It is apparent from the facts above recited and the law applicable, that a like result as in No. 2417 should be announced at this time. Plaintiff's appeal should be dismissed as moot. No judgment which this Court now entered could be effective, as the time during which the order of revocation above mentioned was operative, has long since expired. An order should be entered dismissing the appeal. We consequently do not consider the points argued by the parties in their briefs; as stated in the opinion filed in No. 2417, most of them will be found considered and disposed of in 2424, Morad vs. Wyoming Highway Department, decided this day.

*Dismissed.*

KIMBALL, J. and BLUME, J. concur.