671 P.2d 1239 (1983)
STATE of Wyoming, DEPARTMENT OF REVENUE AND TAXATION, MOTOR VEHICLE DIVISION, and Wayne Flagg, State Hearing Examiner, Appellants (Defendants-Respondents),
v.
Frank E. ANDREWS, Appellee (Plaintiff-Petitioner).
No. 83-26.
Supreme Court of Wyoming.
October 31, 1983.
*1241 A.G. McClintock, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., and Ron Arnold, Asst. Atty. Gen., for appellants.
F.M. Andrews, Jr., Riverton, for appellee.
Before RAPER,[*] THOMAS, ROSE and BROWN, JJ., and GUTHRIE, Justice, Retired.[**]
THOMAS, Justice.
The primary question presented by this appeal is whether that portion of § 31-5-1201(c), W.S. 1977, which states: "Convictions shall not be considered pursuant to W.S. 31-276.26(b)(i) [§ 31-7-127(b)(i)] for driver license revocations for speeding violations of less than seventy-five (75) miles per hour," prevents the Motor Vehicle Division within the Department of Revenue and Taxation and under the State Tax Commission, appellant herein, from including as a moving violation for purposes of a suspension proceeding pursuant to § 31-7-127(b)(i), W.S. 1977, a violation for driving 63 miles per hour in a 50-mile-per-hour zone. The district court in a review of the suspension proceeding for the driver's license of Frank E. Andrews, appellee herein, held that such a violation could not be included. We disagree with the determination by the district court, and we shall reverse on that ground. The appellee also asserts that the determination of the district court should be sustained upon other lawful grounds. We shall hold that the decision of the district court cannot be affirmed based upon the other lawful grounds urged by the appellee.
The single issue asserted by the appellants is stated in their brief as follows:
"WHETHER W.S. XX-X-XXXX(c) EXEMPTS ANY CONVICTIONS OF LESS THAN 75 MILES PER HOUR FOR SPEEDING VIOLATIONS IN ZONES OF LESS THAN 55 MILES PER HOUR."
The appellee does not make a counterstatement of the issue, but has encompassed in his brief a rather lengthy summary of the argument which reads as follows:
"A.: THE LOWER COURT CORRECTLY INTERPRETED THE LIMITATION OF SEC. 31-5-1201(c).
"B: THE JUNE 8, 1982 `NOTICE' BY THE MOTOR VEHICLE DIVISION WAS IN FACT AN EX-PARTE ORDER OF SUSPENSION, ISSUED WITHOUT NOTICE OR OPPORTUNITY FOR HEARING, IN VIOLATION OF SECTION 31-127 W.S. 1977 (THE MOTOR *1242 VEHICLE ACT); SECTION 9-4-101 ET SEQ. (ADMINISTRATIVE PROCEDURES ACT); SECTION 13, CHAPTER 2 OF THE RULES AND REGULATIONS OF THE DEPARTMENT OF REVENUE AND TAXATION, ALL REQUIRING NOTICE AND OPPORTUNITY FOR HEARING BEFORE THE SUSPENSION OR REVOCATION OF A MOTOR VEHICLE LICENSE AND IN VIOLATION OF THE DUE PROCESS CLAUSES OF ARTICLE 1 SECTION 6 OF THE CONSTITUTION OF THE STATE OF WYOMING AND THE 5TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
"C: NEITHER THE ORIGINAL ORDER OF SUSPENSION OF JUNE 8, NOR THE REVIEW ORDERS OF AUGUST 25 AND OCTOBER 10, CONTAINED FINDINGS OF FACT AND CONCLUSIONS OF LAW, SEPARATELY STATED, AS REQUIRED BY SECTION 9-4-110 OF THE ADMINISTRATIVE PROCEDURES ACT.
"D: THE DIVISION'S ORDER OF JUNE 8 WAS MADE WITHOUT A `REVIEW OF ALL THE FACTORS TO DETERMINE THE DEGREE OF DISREGARD FOR THE SAFETY OF OTHERS AND PROPERTY BY THE LICENSEE' AND WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.
"E: NEITHER THE STATE HEARING EXAMINER NOR THE TAX COMMISSION HAS AUTHORITY TO ALTER, AMEND OR MODIFY THE LICENSE SUSPENSION ORDER OF THE MOTOR VEHICLE DIVISION.
"F: SECTION 9(c), CHAPTER II OF THE RULES AND REGULATIONS OF THE DEPARTMENT OF REVENUE AND TAXATION IS ARBITRARY AND CAPRICIOUS AND VOID FOR VAGUENESS.
"G: SECTION 31-7-127 W.S. 1977 IS AN UNCONSTITUTIONAL DELEGATION OF POWER TO THE EXECUTIVE DEPARTMENT IN VIOLATION OF SECTION 6, ARTICLE I, CONSTITUTION OF THE STATE OF WYOMING AND IS VOID."
As previously noted, the position of the appellee is that if this court does not agree with the construction given by the district court to § 31-5-1201(c), supra, the case still should be affirmed based upon those grounds set forth in paragraphs B through G of his summary of the argument.
The record discloses that the appellee was convicted, in each instance upon a guilty plea, of four speeding violations which occurred between December 7, 1981, and May 6, 1982. On December 21, 1981, he was convicted in the municipal court in Casper, Wyoming, of driving 46 miles per hour in a 30-mile-per-hour zone on December 7, 1981. On March 19, 1982, he was convicted in the county court of Natrona County of driving 63 miles per hour in a 50-mile-per-hour zone on February 28, 1982. This particular conviction is the one which raises the question of statutory interpretation. On May 3, 1982, he was convicted in the Natrona County court of driving 89 miles per hour in a 55-mile-per-hour zone on April 24, 1982. Finally, on May 13, 1982, he was convicted in the municipal court of the city of Casper of driving 42 miles per hour in a 30-mile-per-hour zone on May 6, 1982.
On June 2, 1982, the appellee was sent a form letter from the Motor Vehicle Division which set forth the convictions on December 21, 1981, March 19, 1982, and May 13, 1982, and advised him that his license was in jeopardy because a further conviction might be grounds for suspension of his license as an habitually reckless or negligent driver. Ironically, while the Motor Vehicle Division did not have that information, the fourth conviction already had occurred when the warning letter was sent. Thereafter, on June 8, 1982, a "Notice of Opportunity for Hearing and Proposed Order of Suspension" was sent to the appellee signed by Daniel C. Leach, Jr., Director, Motor Vehicle Division.
This latter communication is the one which led to the suspension of the appellee's driver's license by the Motor Vehicle Division as affirmed by the Wyoming Tax Commission. The document first points out *1243 that the appellee's driver's license file showed that he had been convicted of the four speeding violations described above, all since December of 1981. It encompasses a finding that these convictions show the appellee to be an habitually reckless or negligent driver and that his driving privileges should be suspended for 90 days. There follows an order that the appellee's driver's license be suspended for 90 days commencing July 8, 1982, and demand is made upon him for surrender of the license by that date. The last paragraph of the notice of opportunity for hearing and proposed order of suspension advised the appellee that within 20 days of the date of the order he could demand a hearing which, if demanded, was to be held before the Hearing Examiner.
Through counsel the appellee did request a hearing which demand was received by the Motor Vehicle Division on June 16, 1982. This was acknowledged by a form which advised the appellee that he would be notified later of the day, time, and location of the hearing. He also was informed that his driving privileges would remain in full force until the hearing, when a final decision would be made by the Hearing Examiner. On July 16, 1982, a notice of hearing was sent to the appellee setting the matter for hearing on July 30, 1982. The hearing was continued at the request of the appellee, and it was held on August 25, 1982.
At the conclusion of the hearing, the Hearing Examiner upheld the 90-day suspension which had been proposed by the Motor Vehicle Division in the notice of opportunity for a hearing and proposed order of suspension sent on June 8, 1982, except that he adjusted the period of suspension to run from September 25, 1982, until December 24, 1982. In addition, the hearing examiner granted the appellee a probationary driver's license for the period of his probation. The probationary driver's license permitted him to drive a vehicle for purposes of his employment as a landman for an oil company, subject to the condition that no further moving violations occur and that he complete a traffic safety seminar. The written order suspending appellee's license from September 25, 1982, through December 24, 1982, and granting a probationary license subject to the conditions set forth above was signed on September 7, 1982. On September 7, 1982, the appellee filed his notice of appeal to the Wyoming Tax Commission from the order of the Hearing Examiner.
On September 9, 1982, the appellee was advised that a hearing had been granted before the Wyoming Tax Commission. It was set for Monday, September 27, 1982. This appeal was pursued in accordance with § 31-7-105(c), W.S. 1977,[1] pursuant to regulations which were adopted by the Wyoming Tax Commission in response to the decision of this court in Yeik v. Department of Revenue and Taxation, Wyo., 595 P.2d 965 (1979).
In the meantime, on September 20, 1982, the appellee had filed a civil action in the District Court of the Ninth Judicial District of the State of Wyoming in and for Fremont County. In that action, the appellee sought an injunction against the State of Wyoming acting through the Tax Commission and the Motor Vehicle Division; he sought prohibition against the same defendants; and he sought a declaratory judgment to the effect that the grounds for suspension or revocation of license adopted in the rules and regulations of the Department of Revenue and Taxation and the statute authorizing the revocation were void and that the statute and the rules and regulations were unconstitutional. The primary significance of the independent action is that an order for a preliminary injunction was signed by the district judge on September 24, 1982, and entered on October 5, 1982, which enjoined the enforcement of the June 8, 1982, order of the Motor Vehicle Division and the September 7, 1982, order *1244 of the Hearing Examiner during the pendency of the civil action.
The hearing by the Wyoming Tax Commission pursuant to the appeal from the Hearing Examiner was held on September 27, 1982, and the Wyoming Tax Commission entered its Findings and Order on October 25, 1982. In its Findings and Order, the Wyoming Tax Commission affirmed the orders of the Motor Vehicle Division and the Hearing Examiner, but modified them so as to provide that the 90-day period of suspension would commence on October 10, 1982. On November 5, 1982, the appellee then filed his petition for review of the administrative action in the District Court of the Ninth Judicial District in and for Fremont County.
The parties then agreed to consolidate the civil action and the administrative appeal in the district court on the grounds that there were common questions of law and fact and that a single trial on all questions would be beneficial to all the parties. The appellants had filed a motion to dismiss the civil action on October 6, 1982, but they withdrew that motion and filed an answer. The order of the district court incorporating the stipulation of the parties to consolidate the cases and setting the matter for hearing on December 22, 1982, was entered on November 12, 1982, the day the stipulation was filed. Perhaps it goes without saying that because of the preliminary injunction issued by the district court and the disposition made of the case by the district court, the driver's license of the appellee has not been suspended up until this time.
On December 30, 1982, the district court entered its Judgment, Decree, and Order of Reversal. The district judge found that § 31-5-1201(c), W.S. 1977, exempted from consideration in a driver's license revocation proceeding all convictions for driving less than 75 miles per hour in those speed zones controlled by § 31-5-301(b)(iii), and that this exemption included those instances in which the speed limit had been altered from 55 miles per hour to 50 miles per hour pursuant to § 31-5-301(c), which provides:
"(c) The maximum speed limits set forth in this section may be altered as authorized in W.S. 31-131 [§ 31-5-302] and 31-132 [§ 31-5-303]."
The district court decided that the "50-mile hour zone" violation relied upon by the department must be considered for purposes of § 31-5-1201(c), W.S. 1977, as one occurring in a 55-mile-per-hour zone established in § 31-5-301(b)(iii), W.S. 1977. The adjudicative portion of the order of the district court provided as follows:
"1. The motor vehicle division of the department of revenue and taxation of the State of Wyoming wrongfully considered an alleged speeding violation of less than 75 miles per hour for the purpose of driver license revocation of petitioner's driver[']s license.
"2. The department[']s order of suspension of June 8, 1982 and the hearing examiner[']s final order of August 25, 1982 are erroneous, and are hereby reversed and set aside.
"3. The said motor vehicle division of the department of revenue and taxation of the State of Wyoming is enjoined from considering petitioner[']s record of conviction of the offense of speeding dated March 19, 1982 for a violation said to have occurred February 28, 1982 in reference to any driver license revocation proceeding."
It is from this order that the State of Wyoming, Department of Revenue and Taxation, Motor Vehicle Division, and Wayne Flagg, State Hearing Examiner, take their appeal.
Preliminarily we must consider a suggestion of mootness on the part of the appellee. As a matter of judicial propriety and restraint, the court has a duty to determine whether this appeal should be dismissed for mootness. The applicable rule is that when we have notice of facts which have the effect of making any determination of a question unnecessary, or which would render any judgment we might pronounce ineffectual, the appeal should be dismissed. Northern Utilities, Inc. v. Public Service Commission of Wyoming, Wyo., 620 *1245 P.2d 139 (1980); Shaffer v. Lee, Wyo., 616 P.2d 779 (1980); In the Matter of Estate of Frederick, Wyo., 599 P.2d 550 (1979); Belondon v. State ex rel. Leimback, Wyo., 379 P.2d 828 (1963); Cheever v. Warren, 70 Wyo. 296, 249 P.2d 163 (1952); State ex rel. Schwartz v. Jones, 61 Wyo. 350, 157 P.2d 993 (1945); and Scott v. Ward, 49 Wyo. 243, 54 P.2d 805 (1936). Furthermore, we note that in three cases decided on the same day this court dismissed appeals taken in actions involving temporary revocations of drivers' licenses where it appeared that during the pendency of the appeal the revocation period had run and the doctrine of mootness prevailed. House v. Wyoming Highway Department, 66 Wyo. 1, 203 P.2d 962 (1949); Blackmon v. Driver's License Division, Highway Department of Wyoming, 66 Wyo. 8, 203 P.2d 965 (1949); and Morad v. Wyoming Highway Department, 66 Wyo. 12, 203 P.2d 954 (1949).
We conclude, however, that this case should not be dismissed on the grounds of mootness. The rule requiring dismissal under circumstances similar to those found in the instant case is not absolute. In Eastwood v. Wyoming Highway Department, 76 Wyo. 247, 301 P.2d 818 (1956), the court noted that the case technically was moot because the period for which Eastwood's license had been revoked had expired while the appeal was pending. The court, however, found that the principles involved were of sufficient public interest and importance to merit full discussion. The court then proceeded to rule upon a reserved constitutional question concerning the validity of the statute which then was in effect.
Furthermore, while the appellee's license, according to the order of the Wyoming Tax Commission, was suspended for a 90-day period which expired on January 10, 1983, the district court entered a preliminary injunction enjoining the suspension of the appellee's license during the pendency of the action below. That injunction became permanent upon entry of the final order of the district court. Consequently, the license suspension period relating to the appellee effectively has been tolled until the disposition of this appeal. Because this case, like Eastwood v. Wyoming Highway Department, supra, raises a significant question of public interest and importance which could be of a continuing nature, and because of its importance with respect to the enforcement of this state's motor vehicle code, we conclude that the instant appeal should not be dismissed on the ground of mootness.[2]
We turn then to the primary substantive issue raised by the appellants. As we have noted previously, the fact upon which the district court entered its judgment, decree and order of reversal relates to the charge of driving 63 miles per hour in a zone in which the posted limit was 50 miles per hour on February 28, 1982. The appellee entered a plea of guilty to that charge on March 19, 1982, and was fined $36 plus $10 court costs. The traffic citation which encompassed the charge against the appellee recites that it was issued for a violation of § 31-5-301(c), W.S. 1977. The holding of the district court was that the Motor Vehicle Division could not rely upon this conviction in its administrative proceedings to suspend the appellee's driver's license pursuant to § 31-7-127(b)(i), W.S. 1977, which provides:
"The division is hereby authorized to suspend the license of any driver for a period not to exceed twelve (12) months, upon a showing by its records or other sufficient evidence that the licensee:
"(i) Is an habitually reckless or negligent driver of a motor vehicle, such fact being established by a record of moving violations, accidents or by other evidence; * * *"
As we understand the rationale of the district court, it was bottomed upon the proposition that the general speed limits in *1246 Wyoming are established by § 31-5-301(b), W.S. 1977, which provides as follows:
"Except when a special hazard exists that requires lower speed for compliance with paragraph (a) of this section, the limits specified in this section or established as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle on a highway at a speed in excess of such maximum limits:
"(i) Twenty (20) miles per hour when passing a school building, or the grounds thereof, or a school crossing, during school recess or while children are going to or leaving school during opening or closing hours, and providing that the presence of such school building, ground thereof, or school crossing is indicated plainly by signs or signals conforming to the provisions hereof;
"(ii) Thirty (30) miles per hour in any urban district;
"(iii) Fifty-five (55) miles per hour in other locations."
The court then concluded that the significance of § 31-5-301(c), W.S. 1977, in providing that, "the maximum speed limits set forth in this section may be altered as authorized in W.S. 31-131 [§ 31-5-302] and 31-132 [§ 31-5-303]," is that any other speed limit set by state or local authority has to be "altered" from the general statewide speed limits established pursuant to subsection (b) of the statute.
The district court then relied upon § 31-5-1201(c), W.S. 1977, which provides:
"Every person convicted of a violation of W.S. 31-130(b)(iii) [§ 31-5-301(b)(iii)] may be fined a maximum of one dollar ($1.00) per mile for each mile per hour in excess of fifty-five (55) miles per hour and up to and including seventy-four (74) miles per hour, and assessed a maximum of five dollars ($5.00) for court costs. Persons convicted of exceeding speeds above seventy-four (74) miles per hour shall be fined at the discretion of the judge but not less than twenty-five dollars ($25.00) nor more than the maximum penalties provided by subsection (b) of this section, with assessed court costs. Convictions shall not be considered pursuant to W.S. 31-276.26(b)(i) [§ 31-7-127(b)(i)] for driver license revocations for speeding violations of less than seventy-five (75) miles per hour." (Emphasis added.)
The district judge concluded that the 50-mile zone had been "altered" from a 55-mile zone, and, consequently, a violation of that altered speed limit could not be counted for purposes of suspension of the appellee's driver's license.
It is our conclusion that reliance by the appellee and by the district court upon § 31-5-1201(c), W.S. 1977, plainly is misplaced in an instance in which the statutory provision violated is not the general 55-mile-per-hour provision found in § 31-5-301(b)(iii), W.S. 1977. We are guided by the principle that the court may not construe a statute in such a manner as will enlarge, stretch, expand or extend it to matters not falling within its express provisions. Matter of TRG, Wyo., 665 P.2d 491 (1983); LoSasso v. Braun, Wyo., 386 P.2d 630 (1963). It is our duty to ascertain the intention of the legislature as completely as possible from the language used in the statute itself. Wyoming State Department of Education v. Barber, Wyo., 649 P.2d 681 (1982); Department of Revenue and Taxation v. Irvine, Wyo., 589 P.2d 1295 (1979); and Wyoming State Treasurer v. City of Casper, Wyo., 551 P.2d 687 (1976). It follows that the statutory exclusion contained in § 31-5-1201(c), supra, comes into effect only if the speed limit specifically set in § 31-5-301(b)(iii), supra, has been violated.
The fallacy in the district court's approach to this problem apparently lies in its conclusion that speed limits which are set pursuant to § 31-5-302, W.S. 1977, or § 35-5-303, W.S. 1977, must be altered from a 55-mile-per-hour limit as permitted under § 31-5-301(c), W.S. 1977. This does not comport with the clear language of § 31-5-302, W.S. 1977, which provides in pertinent part:
"Whenever the superintendent determines upon the basis of an engineering and traffic investigation that a maximum *1247 speed greater or less than that authorized herein is required for safe and reasonable vehicle operation under the conditions found to exist at any intersection or other place or upon any part of the state highway system, the superintendent may determine and declare a reasonable and safe maximum limit thereat, which will be effective when appropriate signs giving notice thereof were erected. * * *" (Emphasis added.)
Substantially similar language is found in § 31-5-303(a), W.S. 1977, which provides:
"(a) Whenever local authorities within their respective jurisdictions determine on the basis of an engineering and traffic investigation that the maximum speed permitted or established under sections 31-130 [§ 31-5-301] and 31-131 [§ 31-5-302], Wyoming Statutes 1957, as amended and reenacted by sections 1 and 2 of this act [Laws 1959, ch. 55] is greater or less than is reasonable and safe under the conditions found to exist upon a highway or part of a highway the local authority may determine and declare a safe and maximum limit thereon which: * * *" (Emphasis added.)
The clear language of these statutes connotes the authority to establish safe maximum speed limits which conceptually were not altered from the 55-mile-per-hour limit set forth in § 31-5-301(b)(iii). The record in this case is silent as to how the 50-mile-per-hour speed limit which the appellee violated was established. That information is not necessary to our decision in this case because Andrews acknowledged the validity of the 50-mile-per-hour speed limit when he pleaded guilty to that charge.
The legislative history of §§ 31-5-301, W.S. 1977, and 31-5-1201(c), W.S. 1977, bolsters our conclusion in this regard. Both of these provisions were included in the bill which established a 55-mile-per-hour speed limit. S.L. of Wyoming 1976, Ch. 23, § 1. Prior to the adoption of that statute, the statutory predecessor of § 31-5-301(b), W.S. 1977, authorized speeds of 75 miles per hour on all four-lane divided highways and 65 miles per hour on other locations not within school zones or urban districts. Section 31-130, W.S. 1957, Cum.Supp. 1975. The 1976 legislative enactment did not in any way affect the provision found in § 31-5-301(c), W.S. 1977. Yet we find that the initial language of the statutory provision containing the exemption refers specifically to "every person convicted of a violation of W.S. 31-130(b)(iii) [§ 31-5-301(b)(iii)]." The conviction which the district court abrogated for purposes of driver's license suspension was not one obtained pursuant to § 31-5-301(b)(iii), W.S. 1977, and the district court did err in its holding that the Motor Vehicle Division relied upon an excluded violation in suspending the appellee's driver's license.
The appellee vigorously urges upon us, however, the rule that the judgment of a district court should be affirmed upon any proper ground shown by the record. See, e.g., Agar v. Kysar, Wyo., 628 P.2d 1350 (1981); Wightman v. American National Bank of Riverton, Wyo., 610 P.2d 1001 (1980); White v. Wheatland Irrigation District, Wyo., 413 P.2d 252 (1966). We have on a number of occasions recognized the rule which the appellee asserts. We therefore must examine the contentions of the appellee as set forth in his summary of the argument in the light of these rules.
We turn first to his arguments that:
"THE JUNE 8, 1982 `NOTICE' BY THE MOTOR VEHICLE DIVISION WAS IN FACT AN EX-PARTE ORDER OF SUSPENSION, ISSUED WITHOUT NOTICE OR OPPORTUNITY FOR HEARING, IN VIOLATION OF SECTION 31-127 W.S. 1977 (THE MOTOR VEHICLE ACT); SECTION 9-4-101 ET SEQ. (ADMINISTRATIVE PROCEDURES ACT); SECTION 13, CHAPTER 2 OF THE RULES AND REGULATIONS OF THE DEPARTMENT OF REVENUE AND TAXATION, ALL REQUIRING NOTICE AND OPPORTUNITY FOR HEARING BEFORE THE SUSPENSION OR REVOCATION OF A MOTOR VEHICLE LICENSE AND IN VIOLATION OF THE DUE PROCESS CLAUSES OF ARTICLE 1 SECTION 6 OF THE *1248 CONSTITUTION OF THE STATE OF WYOMING AND THE 5TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES,"
and
"NEITHER THE ORIGINAL ORDER OF SUSPENSION OF JUNE 8, NOR THE REVIEW ORDERS OF AUGUST 25 AND OCTOBER 10, CONTAINED FINDINGS OF FACT AND CONCLUSIONS OF LAW, SEPARATELY STATED, AS REQUIRED BY SECTION 9-4-110 OF THE ADMINISTRATIVE PROCEDURES ACT."
The statutory provisions pursuant to which the Motor Vehicle Division proceeded are found in § 31-7-127(b), W.S. 1977, and § 31-7-127(c), W.S. 1977 (Cum.Supp. 1983), which read as follows:
"(b) The division is hereby authorized to suspend the license of any driver for a period not to exceed twelve (12) months, upon a showing by its records or other sufficient evidence that the licensee:
"(i) Is an habitually reckless or negligent driver of a motor vehicle, such fact being established by a record of moving violations, accidents or by other evidence;
"(ii) Has permitted an unlawful or fraudulent use of his license.
"(c) Except as provided in subsection (e) of this section, before suspending or revoking the license or driving privilege of any person as authorized in this section, the division shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing as early as practicable within forty-five (45) days after receipt of the request, at a time and place specified by the division. Upon the hearing, the motor vehicle director or his duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers in accordance with the Wyoming Administrative Procedure Act [§§ 16-3-101 to 16-3-115] and may require a reexamination of the licensee. Upon hearing, the division shall either rescind its order of suspension or, good cause appearing therefor, may continue, modify or extend the suspension of the license or revoke the license; provided that this discretion shall be limited to cases where undue hardship would result from a failure to extend such privilege, and provided further that this extension of privilege shall be extended only once to any person in a ten (10) year period."
The substance of the notice given to the appellee has been set forth above. The appellee relies essentially upon the concurring opinion of Justice Raper in Department of Revenue and Taxation, Motor Vehicle Division v. Shipley, Wyo., 579 P.2d 415 (1978). He also asserts that the procedure used does not comport with the requirements of the Administrative Procedure Act now found in § 16-3-107, W.S. 1977. It does not appear that any substantial right of the appellee was violated by the procedure used by the Motor Vehicle Division in this instance. In White v. Board of Trustees of Western Wyoming Community College District, Wyo., 648 P.2d 528 (1982), cert. denied ___ U.S. ___, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983), Justice Raper discussed for the court the constitutional requirements relative to notice. The conclusion to be drawn is that if the person entitled to notice has a reasonable opportunity to know the claims of the opposing party and to meet them, and is put on inquiry with respect to any contentions that might be doubtful, he has received the notice required by constitutional law. The procedure utilized by the Motor Vehicle Division of the Wyoming Tax Commission in this instance was adequate for that purpose.
Following the opinion of this court in Yeik v. Department of Revenue and Taxation, Wyo., 595 P.2d 965 (1979), the Wyoming Tax Commission adopted "Rules of Practice and Procedure for Appeals Before the Wyoming Tax Commission Involving Driver's Licenses, Financial Responsibility, Registration, and Other Related Matters." The essential effect of the adoption of those rules and regulations is that the requisite administrative finality is not present for *1249 appeal to the district court until the appeal to the Wyoming Tax Commission has been pursued and concluded. This procedure then results in a final order of the Wyoming Tax Commission. The final order in this case is in the Findings and Order entered on October 25, 1982. It is from this order that the appeal is taken to the district court, and it is the only order which must be examined to determine if it meets the requirements of § 16-3-110, W.S. 1977, as construed by this court in Pan American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission, Wyo., 446 P.2d 550 (1968), and those cases which have followed. We are satisfied from our examination of the Findings and Order entered by the Wyoming Tax Commission on October 25, 1982, that it did make the requisite findings of fact and conclusions of law, separately stated, as required, and that the findings of fact and conclusions of law which were entered are sufficient to permit the judicial branch of government to exercise its review function.
The last four contentions made by the appellee are:
"THE DIVISION'S ORDER OF JUNE 8 WAS MADE WITHOUT A `REVIEW OF ALL THE FACTORS TO DETERMINE THE DEGREE OF DISREGARD FOR THE SAFETY OF OTHERS AND PROPERTY BY THE LICENSEE' AND WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE."
"NEITHER THE STATE HEARING EXAMINER NOR THE TAX COMMISSION HAS AUTHORITY TO ALTER, AMEND OR MODIFY THE LICENSE SUSPENSION ORDER OF THE MOTOR VEHICLE DIVISION."
"SECTION 9(c), CHAPTER II OF THE RULES AND REGULATIONS OF THE DEPARTMENT OF REVENUE AND TAXATION IS ARBITRARY AND CAPRICIOUS AND VOID FOR VAGUENESS."
"SECTION 31-7-127 W.S. 1977 IS AN UNCONSTITUTIONAL DELEGATION OF POWER TO THE EXECUTIVE DEPARTMENT IN VIOLATION OF SECTION 6, ARTICLE I, CONSTITUTION OF THE STATE OF WYOMING AND IS VOID."
Here the appellee attacks the propriety of what he characterizes as an unconstitutional delegation of authority from the legislature to the executive department, referring specifically to § 31-7-127(b)(i), W.S. 1977. The appellee also attacks the rules and regulations of the department of revenue and taxation relating to grounds for suspension or revocation of a driver's license as found in Ch. II, § 9(c), which reads as follows:
"A person who is an habitually reckless or negligent driver. Upon a showing of the records of the Division that a person has been convicted of three (3) moving violations within a one (1) year period, such record shall be cause for a review by the Division of all factors to determine the degree of disregard for the safety of lives and property, and may, in the judgment of the Division, be grounds for suspension of the person's license as an habitually reckless or negligent driver. If the record shall be insufficient upon which to adjudge the person as an habitually reckless or negligent driver, the person shall nevertheless be given notice in writing of the review conducted, and as to the possible consequences of further convictions becoming a part of the driving record. A moving violation is an act of control or lack of control by the driver of a motor vehicle while the vehicle is in motion, which results in a conviction."
We note that the appellee, according to the transcript in this record of the hearing before the Wyoming Tax Commission, was content to have a perfunctory and pro forma hearing apparently being concerned only with getting the issue into the judicial system for review. We conclude that in acquiescing in such a procedure, the appellee has waived any claims he might otherwise have to the failure of the Motor Vehicle Division of the Wyoming Tax Commission to consider any proper evidence. We then turn to Spiegelberg v. Wyoming Highway Department, Wyo., 508 P.2d 18 (1973), a case decided under earlier *1250 versions of these same statutory provisions. This opinion deals with a statutory version of the regulatory provision which was applied here. The holding of the court is more than sufficient to sustain the procedure in vogue currently, and by a footnote the court specifically approved the concept that four speeding violations would be sufficient to indicate "an habitually reckless or negligent driver" and that the Wyoming Tax Commission might properly draw such an inference. Consequently we rule against the appellee with respect to his contentions that there was not sufficient support by substantial evidence of the degree of disregard for the safety of others and property by the appellee, that the regulation is arbitrary and capricious and void for vagueness, and that there is an unconstitutional delegation of power to the executive department.
With respect to the authority to amend or modify the license, we find no authority in the appellee's brief for this proposition. The provisions of § 31-7-127(c) are specific with respect to the authority of the division upon hearing, to continue, modify or extend the suspension, and that authority must extend to the Hearing Examiner as its agent. Logic persuades us that the Wyoming Tax Commission can do what one of its departments can do, and we hold against the appellee in this regard also.
For the foregoing reasons, the order of the district court is reversed, and the case is remanded to the district court for entry of an order dissolving its injunction and remanding the matter back to the Wyoming Tax Commission so that an appropriate period of suspension can be established.
GUTHRIE, Justice, Retired, concurs in the result.
NOTES
[*] Retired June 13, 1983, but continued to participate in the decision of the court in this case pursuant to order of the court entered June 13, 1983.
[**] ROONEY, C.J., having recused himself, GUTHRIE, J., Retired, was assigned pursuant to order of the court entered January 2, 1979.
[1] Section 31-7-105(c), W.S. 1977, provides:

"Any order of the hearing examiner is subject to a hearing before the Wyoming tax commission in accordance with the Wyoming Administrative Procedure Act [§§ 16-3-101 to 16-3-115]."
[2] We do not reach the question of whether the district court was properly vested with jurisdiction to consider the civil action filed during the pendency of appellee's administrative appeal. See Rocky Mountain Oil and Gas Association v. State, Wyo., 645 P.2d 1163 (1982); and City of Cheyenne v. Sims, Wyo., 521 P.2d 1347 (1974).