STATE of Wyoming, DEPARTMENT OF REVENUE AND TAXATION, Appellant (Respondent),

v.

Anthony L. GUADAGNOLI, Appellee (Petitioner).

No. 83–134.

Supreme Court of Wyoming.

Feb. 13, 1984.

A.G. McClintock, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., Ronald P. Arnold, Sr. Asst. Atty. Gen., Cheyenne, for appellant.

Robert J. Reese, Green River, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

It is the position of the appellant State of Wyoming, Department of Revenue and Taxation[1] that the appeal to the district court should be dismissed for the reason that the court was not possessed of subject-matter jurisdiction to hear what the appellant regards as a premature appeal. The tax commission also urges that if, for any reason, this court were not to dismiss the appeal, the district court's order should, in any event, be reversed. The order of the district court with which the tax commission takes issue had the effect of reversing the independent hearing examiner's order suspending appellee Anthony L. Guadagnoli's driver's license.

We will hold that the district court had jurisdiction to decide the appeal from the order of the independent hearing examiner but we will reverse the holding of the district court.

The record in this case discloses that Mr. Guadagnoli was notified by the motor vehicle division of the department of revenue that his driver's license would be suspended for 90 days because he was found to have been an habitually reckless or negligent driver, based upon the following moving violations: 46 miles per hour in a 30 miles-per-hour zone; 54 miles per hour in a 35 miles-per-hour zone; and running a red light.

Appellee's driving privileges were not, however, suspended until he was afforded a hearing before the independent hearing examiner. At this hearing, Guadagnoli was given an opportunity to present evidence to rebut the prima facie finding by the motor vehicle division that he was an habitually reckless or negligent driver. Following the hearing, the examiner entered an order upholding the motor vehicle division's suspension of the driving privileges.

By authority of the provisions of § 31-7-133, W.S.1977,[2] the appellee Guadagnoli filed with the district court a petition for review of the independent hearing examiner's order of suspension. Subsequent to his activating the district court appellate process, Mr. Guadagnoli requested and received a hearing before the tax commission. The district court judge first entered a temporary order granting restricted driving privileges and, after considering the

---

1. Hereinafter "the tax commission" or "the appellant."

2. Section 31-7-133, W.S.1977 provides:
 "Right of appeal to court.
 "Any person denied a license or whose license has been cancelled, suspended or revoked by the department shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the district court in the county wherein the person resides or in the case of cancellation, suspension or revoca-tion of a nonresident's operating privilege in the county in which the violation occurred and the court is hereby vested with jurisdiction. The court shall set the matter for hearing upon thirty (30) days written notice to the commissioner and thereupon take testimony and examine into the facts of the case and determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this act."

parties' briefs, reversed the independent hearing examiner's order suspending appellee's driving privileges. It is from this order that the State of Wyoming, Department of Revenue and Taxation appeals. The tax commission, on the other hand, entered its order granting Guadagnoli limited driving privileges, but the tax commission's order upheld the suspension order of the independent hearing examiner. Appellee Guadagnoli did not file a petition for review from the order of the tax commission.

### Subject-Matter-Jurisdiction Issue

The appellant tax commission urges that the district court did not have subject-matter jurisdiction to enter its order reversing the independent hearing examiner's order of suspension because the appellee was obliged to exhaust his administrative remedies before pursuing the appeal to the district court, and this was not done. Given the facts and law of this appeal, we will hold that the court did have jurisdiction to hear and decide the appeal from the order of the independent hearing examiner.

Section 31–7–133, supra n. 2 provides that a person whose driver's license has been "cancelled, suspended or revoked" will have the right to appeal his or her suspension by filing a petition *with the district court* within 30 days. When the independent hearing examiner's order of suspension was filed, the 30 days commenced to run, and Mr. Guadagnoli thereupon timely filed his petition for review as directed by the statute. Once this was done, appellee was confronted by the requirements of § 31–7–105(c), W.S.1977, 1983 Cum.Supp.[3] In order to avoid dismissal for failing to exhaust his administrative remedy, the appellee took an appeal to

the tax commission but, as is noted above, when the commission came down with its decision, the appellee did not go on to file a petition for review from the commission's order of affirmance. We do not know whether or not Mr. Guadagnoli had the benefit of departmental rules and regulations pertaining to the procedure for appealing a ruling of the hearing examiner to the tax commission and from there to the district court. We do know, however that such rules or regulations have not been made a part of the record in this appeal.

We find ourselves faced with the same problems that confronted this court in *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979), and *Yeik v. Department of Revenue and Taxation*, Wyo., 595 P.2d 965 (1979). In *Irvine*, supra, we were asked to identify the statutory provisions that must be complied with pertaining to the taking of an appeal. In holding that the 30-day provision of § 31–7–133, supra n. 2, was applicable, we also said that § 31–7–105(c), supra,

> " * * * requires first an appeal from the hearing examiner to the tax commission before appeal to the district court." 589 P.2d at 1299.

In *Yeik*, supra, the issue concerned the effect of the licensee not having appealed a hearing examiner's adverse decision to the tax commission and, instead, bringing the appeal directly to the district court. In that case, we recalled and re-affirmed the Irvine tax-commission-appeal requirement, but held that the provision of the statute requiring an appeal be taken to the tax commission before filing a petition for review with the district court was void, absent implementing rules as contemplated by § 31–7–103, W.S.1977.[4]

**3.** Section 31–7–105(c), W.S.1977, 1983 Cum. Supp., provides:
"(c) Any order of the hearing examiner is subject to a hearing before the Wyoming tax commission in accordance with the Wyoming Administrative Procedure Act [§§ 16–3–101 through 16–3–115]."

**4.** The relevant part of § 31–7–103, W.S.1977 provides:

"The administration of this act is vested in and shall be exercised by the motor vehicle division under the state tax commission of Wyoming which may prescribe forms and reasonable rules and regulations in conformity with this act for the administration thereof."

We also concluded that the reference to the administrative procedure act in § 31–7–105(c), supra, means

" * * * that the Wyoming tax commission will adopt rules of practice for the conduct of contested cases before it. Section 9–4–102 provides:

" '(a) In addition to other rulemaking requirements imposed by law, each agency shall:

" '(i) Adopt rules of practice setting forth the nature and requirements of all formal and informal procedures available in connection with contested cases.' " *Yeik v. Department of Revenue and Taxation,* supra, 595 P.2d at 969.

In *Yeik,* we inquired and found that the commission had not adopted implementing rules. In holding § 31–7–105(c) to be inoperative and void, we said:

"No procedure having been provided by the state tax commission pursuant to § 9–4–102 or § 31–7–103 which would clarify and make plain to the persons affected what procedure must be followed to obtain the review required by § 31–7–105(c), we, therefore, hold that § 31–7–105(c) is inoperative and void until such time as adequate procedural rules and regulations are adopted pursuant to the Administrative Procedure Act and the rule-making power of the state tax commission. In such case an intermediate appeal between the examiner and the district court does not exist and the petitioner may go directly to the district court from the examiner. He is not deprived of an appeal to the courts." 595 P.2d at 969.

 In the case at bar, the appellant tax commission urges that the appeal should be dismissed because the licensee did not appeal from the tax commission's ruling, under § 31–7–105(c). But the appellant tax commission does not bring to us the rules of the commission according to which Mr. Guadagnoli was obligated to pursue his appeal from the order of the independent hearing examiner to the tax commission and then to the district court while at the same time complying with the provisions of § 31–7–133, supra n. 2.

Since these commission rules—if there are any—are not before us, § 31–7–105(c) is not any more applicable or viable here than it was in Yeik. Absent the necessary rules and regulations, this section of the statute is "inoperable and void." The petition for review was therefore properly taken from the order of the independent hearing examiner, under the authority contained in § 31–7–133, supra.

*Does § 31–5–1201(c), W.S. 1977[5] Exempt Convictions of Speeding Violations in Zones Where the Speed Limit is Less Than 55 Miles Per Hour?*

The appellee was charged under Ch. II, § 9 of the Department of Revenue and Taxation Rules and Regulations, which provides:

*"Grounds for Suspension or Revocation.* The license of any person may be suspended for up to twelve (12) months or revoked for any of the following reasons:

\*　　\*　　\*　　\*　　\*　　\*

"c. A person who is an habitually reckless or negligent driver. Upon a showing of the records of the Division that a person has been convicted of three (3) moving violations within a one (1) year period, such record shall be cause for a review by the Division of all factors to determine the degree of disregard for the safety of lives and property, and may, in the judgment of the Division, be grounds for suspension of the person's license as an habitually reckless or negligent driver. If the record shall be insufficient upon which to adjudge the person as an habitually reckless or negligent driver, the person shall nevertheless be

---

**5.** The relevant part of § 31–5–1201(c), W.S.1977 provides:

" * * * Convictions shall not be considered pursuant to W.S. 31–276.26(b)(i) [§ 31–7–127(b)(i)] for driver license revocations for speeding violations of less than seventy-five (75) miles per hour."

given notice in writing of the review conducted, and as to the possible consequences of further convictions becoming a part of the driving record. A moving violation is an act of control or lack of control by the driver of a motor vehicle while the vehicle is in motion, which results in conviction."

The statutory authority for the promulgation of this rule and regulation is § 31–7–127(b)(i), W.S.1977. This section provides:

"(b) The division is hereby authorized to suspend the license of any driver for a period not to exceed twelve (12) months, upon a showing by its records or other sufficient evidence that the licensee:

"(i) Is an habitually reckless or negligent driver of a motor vehicle, such fact being established by a record of moving violations, accidents or by other evidence; * * *."

The trial judge found that § 31–5–1201(c), supra n. 5, exempts, for license-suspension purposes, the speeding violations of which the appellee was convicted. The decision letter by the court was dated May 20, 1983, and the court's order, consistent with the thoughts expressed in the decision letter, was dated and filed June 14, 1983.

Subsequent to the entry of the aforesaid order by the trial court, this court published its decision in State of Wyoming, *Department of Revenue and Taxation, Motor Vehicle Division v. Andrews*, Wyo., 671 P.2d 1239 (1983). That case was concerned with the same problem as that which confronts us here, and our conclusion in Andrews is contrary to that reached by the trial court in this case.

In *Andrews*, we drew attention to § 31–5–301, W.S.1977 which provides:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

"(b) Except when a special hazard exists that requires lower speed for compliance with paragraph (a) of this section, the limits specified in this section or established as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle on a highway at a speed in excess of such maximum limits:

"(i) Twenty (20) miles per hour when passing a school building, or the grounds thereof, or a school crossing, during school recess or while children are going to or leaving school during opening or closing hours, and providing that the presence of such school building, ground thereof, or school crossing is indicated plainly by signs or signals conforming to the provisions hereof;

"(ii) Thirty (30) miles per hour in any urban district;

"(iii) *Fifty-five (55) miles per hour in other locations.*

"(c) The maximum speed limits set forth in this section may be altered as authorized in W.S. 31–131 [§ 31–5–302] and 31–132 [§ 31–5–303].", (emphasis added),

and we then said:

"It is our conclusion that reliance by the appellee and by the district court upon § 31–5–1201(c), W.S.1977, plainly is misplaced in an instance in which the statutory provision violated is not the general 55-mile-per-hour provision found in § 31–5–301(b)(iii), W.S.1977. We are guided by the principle that the court may not construe a statute in such a manner as will enlarge, stretch, expand or extend it to matters not falling within its express provisions. *Matter of TRG*, Wyo., 665 P.2d 491 (1983); *LoSasso v. Braun*, Wyo., 386 P.2d 630 (1963). It is our duty to ascertain the intention of the legislature as completely as possible from the language used in the statute itself. *Wyoming State Department of Education v. Barber*, Wyo., 649 P.2d 681 (1982); *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979); and *Wyoming State Treasurer v. City of Casper*, Wyo., 551 P.2d 687 (1976). It follows that the statutory exclusion contained in § 31–5–1201(c), supra, comes into effect only if the speed limit specif-

ically set in § 31-5-301(b)(iii), supra, has been violated." 671 P.2d at 1246.

■ The Andrews holding and its rationale have been carefully revisited as we undertake our decisional obligations in this appeal, and we find no reason to retreat from the Andrews decision. Its conclusion as well as its reasoning is sound.

This, then, leads us to a reversal of the trial court's holding that the tax commission had no authority to utilize speeding convictions of 74 miles per hour or less for driver's-license-suspension purposes in circumstances such as those with which we are concerned here.

*Does the Record Contain Sufficient Evidence to Support a Holding of Such Habitually Reckless or Negligent Conduct as Will Warrant the Suspension of Appellee's Driver's License?*

The district court held that record proof of the three moving violations within a period of one year with which Mr. Guadagnoli was charged and found guilty does not—in and of itself—constitute such evidence of negligent conduct as will authorize the suspension of his driver's license. The reasoning of the trial court is that, while the record violations are evidence of negligence, they are not negligence per se and, without such further evidence as is contemplated by § 31-7-127(b)(i), supra, and Ch. II, § 9 of the Department of Revenue and Taxation Rules and Regulations, supra, Guadagnoli could not be found to be "an habitually reckless or negligent driver of a motor vehicle" under § 31-7-127(b)(i), supra.

Again, this issue was decided in the Andrews case contrary to the holding of the district court judge in the case at bar. Like Andrews, the record here reveals nothing more than the bare fact that the appellee was found guilty of these driving violations and has thereafter employed the appellate process in an effort to obtain relief from the independent hearing examiner's order suspending his driver's license. The legislature has contemplated that the licensee may be regarded as "an habitually

reckless or negligent driver" as this fact is *"established by a record of moving violations, accidents or by other evidence"* (emphasis added), § 31-7-127(b)(i), supra.

■ The record itself is, then, sufficient to establish a prima facie case of habitual recklessness or negligence. This does not mean that we are adopting a negligence-per-se rule as the appellee contends and the district court found. Rather, when the statute and implementing rules provide that a motorist may be found to be an habitually reckless or negligent driver based upon the bare record, and, when the statutes and rules go on to contemplate a hearing of the issue before a hearing examiner, the tax commission and a trial before the court, we are only holding in this appeal that the naked record of the moving violations amounts to *evidence of negligence* which may be rebutted by the licensee as he pursues his due-process rights through the agencies and the courts. Of course, the other side of this coin is that, for the licensee to test the sufficiency of the evidence on the question of whether the record of moving violations is adequate to establish habitual recklessness or negligence, the motor vehicle operator whose license is in jeopardy must introduce rebutting testimony. It goes without saying that for this court to consider such rebutting evidence it must be made a part of the record on appeal. Otherwise, all this court has to consider is the bare record of the moving violations.

This record does not contain one single shred of evidence which rebuts the motor vehicle division's prima facie showing. We are not presented with a transcript of any testimony of a rebutting nature which was adduced before either the independent hearing examiner, the tax commission or the court. In fact, the record contains no testimony at all. Therefore, we have nothing to consider concerning the habitually reckless or negligent driving charge, except the prima facie showing which is established by the admission of the parties that the appellee stands guilty of all three moving violation charges.

By not bringing the record of the agency hearings to this court,[6] the appellee has waived any claims he might otherwise have to the failure of the motor vehicle division of the tax commission—the commission itself or the independent hearing examiner—to consider any proper rebutting evidence. As we noted in Andrews, supra, we have previously held, in *Spiegelberg v. Wyoming Highway Department*, Wyo., 508 P.2d 18 (1973), where we were considering an earlier version of the statutory provisions with which we are concerned here, that the speeding violations with which Spiegelberg was concerned would be sufficient to indicate "an habitually reckless or negligent driver," and that the motor vehicle division might properly draw such an inference.

We hold, then, with State of Wyoming, *Department of Revenue and Taxation, Motor Vehicle Division v. Andrews*, supra, and *Spiegelberg v. Wyoming Highway Department*, supra, that, given the fact that the statute, § 31–7–127(b)(i), supra, provides that the negligence of the driver is capable of being established by the record of moving violations, and, given the additional fact that the record in this appeal reveals no rebutting evidence which could be considered for the purpose of establishing that the motor vehicle division of the tax commission or the independent hearing examiner failed to consider testimony or other evidence which could overcome the prima facie case of habitual negligent driving, we must therefore conclude that the unrebutted record of the moving violations amounts to habitually reckless or negligent driving within the contemplation of the statutes, rules and regulations, and case law with which we are concerned here.

### Mootness

It is urged that this appeal should be dismissed because of mootness. We cannot agree for the reason that appellee Guadagnoli has not served any of his license-suspension time.

We observed in *Andrews*, supra, that when this court has notice of facts which make the appeal unnecessary or which would render any judgment of this court ineffectual, the appeal should be dismissed, citing *Northern Utilities, Inc. v. Public Service Commission of Wyoming*, Wyo., 620 P.2d 139 (1980); *Shaffer v. Lee*, Wyo., 616 P.2d 779 (1980); *In the Matter of Estate of Frederick*, Wyo., 599 P.2d 550 (1979); *Belondon v. State ex rel. Leimback*, Wyo., 379 P.2d 828 (1963); *Cheever v. Warren*, 70 Wyo. 296, 249 P.2d 163 (1952); *State ex rel. Schwartz v. Jones*, 61 Wyo. 350, 157 P.2d 993 (1945); and *Scott v. Ward*, 49 Wyo. 243, 54 P.2d 805 (1936).

In *Andrews*, we held that the action was not moot because there the district court entered a preliminary order which enjoined the suspension of the appellee's license during the pendency of the action and the injunction became permanent upon entry of the final order of the district court. Much the same situation is present in the case at bar. While the tax commission upheld the independent hearing examiner's 90-day suspension of Mr. Guadagnoli's license, the commission modified the order to permit limited driving privileges. The district court, upon appellee's filing of his petition for review, entered a temporary order pending the outcome of the matter which also granted limited driving privileges. The final order of the district court reversed the suspension order of the independent hearing examiner and therefore Mr. Guadagnoli has never been without at least a limited driving permit. Our reversal has the effect of reinstating an order of suspension, which suspension has never been served. This appeal does not, therefore, contemplate a moot issue.

Reversed and remanded for the entry of such an order as will give full force and effect to the order of the independent hearing examiner which upheld the finding of the motor vehicle division suspending the appellee's privilege to operate a motor vehicle for 90 days.

---

6. There was no testimony taken in the district court.

THOMAS, Justice, specially concurring.

I concur in the result of reversal which is reached by the majority opinion in this case. I also am in accord with the holding that this court and the district court have jurisdiction over the appeal even though the administrative remedy of appeal to the Tax Commission from the hearing examiner's order was not pursued. I cannot, however, agree to premise that holding upon the failure of the Department of Revenue and Taxation to include the rules and regulations of the Tax Commission in the record.

In *Department of Revenue and Taxation, Motor Vehicle Division v. Andrews*, Wyo., 671 P.2d 1239 (1983), this court discussed and in part relied upon the rules of the Tax Commission with respect to its review authority as set forth in § 31–7–105(c), W.S.1977. In *Yeik v. Department of Revenue and Taxation*, Wyo., 595 P.2d 965 (1979), we stated:

> " * * * We will take judicial notice of the existence of rules and regulations though not made a part of the record by the parties. *Logan v. Pacific Intermountain Express Co.*, Wyo.1965, 400 P.2d 488; *Dame v. Mileski*, 1959, 80 Wyo. 156, 340 P.2d 205; 4A C.J.S. Appeal & Error § 1212; 31 C.J.S. Evidence § 39."

In that case we did judicially notice the rules and regulations of the Tax Commission of the Department of Revenue, and found that they were deficient. We commented that among those factors as to which the rules and regulations of the Tax Commission furnished no guidance was the following:

> "3. Is the decision of the hearing examiner stayed during the pendency of the review process or must the party seeking review specifically ask for such a stay?"

Chapter XVIII, Section 7 of the Rules of Practice and Procedure for Appeals Before the Wyoming Tax Commission Involving Driver's Licenses, Financial Responsibility, Registration, and Other Related Matters, in effect at the time this case was before the Tax Commission, provides:

> "Section 7. *Stay*. Even though a Notice of Appeal has been filed with the Commission, the order of the Hearing Examiner remains in force until such time as the appeal has been decided by the Commission and no stay will be granted."

Intellectual honesty compels me to recognize the rules and regulations of the Tax Commission, but I still agree that this court has jurisdiction because those rules and regulations are deficient. In my view rules which provide for review but do not permit the order being reviewed to be stayed pending the completion of the review process are little better than no rules providing for review or rules providing for no review at all. If the licensee must incur the sanctions provided by the order of the hearing examiner even though a review is sought before the Tax Commission I think that we encounter the same problems that are presented in *Yeik v. Department of Revenue and Taxation*, supra, and *Department of Revenue v. Irvine*, Wyo., 589 P.2d 1295 (1979). Since Guadagnoli was in a position in which he could suffer the suspension imposed by the hearing examiner, without being able to seek a stay before the Tax Commission, in my judgment due process requires that we entertain his appeal pursuant to § 31–7–113, W.S.1977. *Department of Revenue and Taxation, Motor Vehicle Division v. Andrews*, supra, is distinguishable because in that case the effective dates of suspension were deferred to permit the exhaustion of administrative remedies. That policy was not followed in this case.

I note specifically that my reaction would be entirely different if the rules of the Tax Commission provided for a stay pending completion of the administrative review process, and in that instance I would be disposed to require the exhaustion of the administrative remedies prior to seeking judicial review. It would seem to me that the Tax Commission well might wish to reconsider that portion of its rules and regulations which prohibits a stay pending review.

ROONEY, Chief Justice, dissenting.

I would dismiss the appeal as moot.

The majority of the court refuses to do so "for the reason that appellee Guadagnoli has not served any of his license-suspension time."

On February 2, 1983, the hearing officer suspended appellee's driving privileges for 90 days. The hearing officer refused appellee's request for a limited privilege to drive four miles from his home to Western Wyoming College where he was in attendance. On February 4, 1983, the district court granted limited driving privileges to appellee pending a hearing on his petition for review, and on April 8, 1983, the appellant upheld the suspension of appellee's driving privileges by the hearing officer, but modified the hearing officer's decision by granting limited driving privileges to appellee.[1] The limited privileges by both the appellant and the court consisted of authorization to drive to and from his home and classes at the college; to and from his place of employment; and to and from his home in Green River to Rock Springs on Mondays from 7:00 p.m. to 11:00 p.m., to visit his father.

Accordingly, the 90-day period of suspension of driving privileges as ordered by the hearing officer and modified by the appellant has long since expired. The stay granted by the district court, by its terms, was not a stay of the final suspension conditions imposed by appellant in April of 1983 since the two were coextensive in application.

A decision by this court upholding the propriety or the impropriety of the basis upon which appellee's driving privileges were suspended will have no practical effect on the past or present status of appellee's driving privileges. He lost them—

subject to the limited use authorized by appellant and the court[2]—for the 90-day period. We cannot change that which has happened. Our judgment would be ineffectual insofar as appellee's driving privileges are concerned. See cases cited in last section of the majority opinion.

Inasmuch as I would hold the subject of the appeal to be moot, I would not address other issues and would dismiss the appeal.

---

1. Section 31-7-105(c), W.S.1977, provides:
 "(c) Any order of the hearing examiner is *subject to a hearing before the Wyoming tax commission* in accordance with the Wyoming Administrative Procedure Act [§§ 9-4-101 to 9-4-115]."

2. Even if the appellant had not modified the examiner's order by authorizing limited privileges, limited driving privileges are a far cry

from total driving privileges. Appellee should not be held to suffer double penalties—one for loss of most of his driving privileges for a period of time, and one for loss of all of his driving privileges for another period of time—simply because he chose to exercise his right to appeal. A stay of the loss of *any* privileges could have been granted during the period of appeal.