In the Matter of the Suspension of the License of Daniel David Yeik, pursuant to the Driver's License Act of Wyoming. Daniel David YEIK, Appellant (Petitioner),

v.

DEPARTMENT OF REVENUE AND TAXATION, State of Wyoming, Appellee (Respondent).

No. 5040.

Supreme Court of Wyoming.

June 4, 1979.

---

Earl R. Johnson, Jr., Casper, signed the brief and appeared in oral argument for appellant.

John J. Rooney, Atty. Gen. and Kenneth G. Vines, Asst. Atty. Gen., signed brief and Mr. Vines appeared in oral argument on behalf of the appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

RAPER, Chief Justice.

The appellant-petitioner seeks review of an order of the district court which dismissed his petition for review of an administrative proceeding before a hearing examiner. At the conclusion of the administrative hearing, appellant's driver's license was suspended by the hearing examiner because of multiple speeding offenses. He appealed that decision to the district court pursuant to § 31–7–133, W.S.1977.[1] In the district court a motion was made by appellee, the Department of Revenue and Taxation (department), to dismiss the appellant's petition for review, because he had failed to exhaust his administrative remedies. The department asserted in its motion that one seeking review under § 31–7–133, supra, had to first comply with § 31–7–105(c), W.S.1977.[2] The district court agreed with the department's position and dismissed appellant's petition. In this appeal, the appellant asserts:

1. One whose driver's license is suspended or revoked by the hearing examiner acting for the Department of Revenue and Taxation may appeal directly to the district court in accordance with § 31–7–133 and is not required to first appeal to the Wyoming Tax Commission in accordance with § 31–7–105(c).

2. The Department of Revenue and Taxation has provided no procedure for review under § 31–7–105(c) and hence appellant does not have to exhaust that remedy before appealing to the district court.

We will reverse the order of the district court with directions.

The appellant was fined for speeding on June 25, 1977 (48 in a 30 MPH zone); on August 3, 1977 (50 in a 30 MPH zone); on September 16, 1977 (99 in a 55 MPH zone).

---

* ROONEY, J., having recused himself from participation in this case, GUTHRIE, J., Retired, was assigned, having been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977, by order of the court entered on January 1, 1979.

1. § 31–7–133, W.S.1977:

"*Any person denied a license or whose license has been cancelled, suspended or revoked by the department shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the district court in the county wherein the person resides* or in the case of cancellation, suspension or revocation of a nonresident's operating privilege in the county in which the violation occurred and the court is hereby vested with jurisdiction. The court shall set the matter for hearing upon thirty (30) days written notice to the commissioner and thereupon take testimony and examine into the facts of the case and determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this act." (Emphasis added.)

2. § 31–7–105, W.S.1977:

"(a) There is created the office of hearing examiner. The hearing examiner shall be a qualified member of the bar of Wyoming. He shall be appointed by the governor and serve as designated by the governor, either part-time or full-time and shall serve at the pleasure of the governor. In addition to his duties as hearing examiner, he may be employed as an attorney or other department official of Wyoming. In such case, he shall not receive additional compensation for his functions as hearing examiner.

"(b) The hearing examiner shall sit as the exclusive administrative hearing agency within the department to review all matters arising from driver's license and related matters including but not limited to the suspension of driver's license, financial responsibility, registration and other related matters. The hearing examiner shall not review cases under W.S. 31–276.25(i), (ii), (v) or (vi) in which revocation of a license is mandatory.

"(c) *Any order of the hearing examiner is subject to a hearing before the Wyoming tax commission in accordance with the Wyoming Administrative Procedure Act.* (Emphasis added)

"(d) In connection with any hearing held pursuant to this section, the hearing examiner may subpoena and compel the attendance of witnesses or the production of evidence reasonably necessary to resolve the matters under consideration. The hearing examiner shall issue subpoenas upon his own motion or upon the request of any party to the proceedings in compliance with the Wyoming Rules of Civil Procedure."

Appellant pleaded guilty to the September 16, 1977 violation and thereafter was notified of possible suspension of his driver's license pursuant to § 31–7–127(b)(i), W.S. 1977. Appellant was again fined for speeding on November 15, 1977 (50 in a 30 MPH zone). He pleaded guilty to the November 15, 1977 violation and thereafter was notified that his driver's license was suspended as a repeater under § 31–7–127(b)(i). The appellant requested a hearing before the hearing examiner. At the hearing the suspension was modified to permit appellant to drive for employment purposes. A timely notice of appeal was filed in the district court as required by § 31–7–133.

In *Department of Revenue and Taxation, State of Wyoming v. Irvine,* Wyo.1979, 589 P.2d 1295, we discussed, in a different context, the statutes that are again in question here. In discussing the 1977 amendment to § 39–43.11, W.S.1977,[3] it was concluded that one of the amendments had the effect of deleting the option of appeal to the tax commission or district court and required an appeal from the hearing examiner to the tax commission before appeal to the district court. Id., at 589 P.2d 1299. Of course, our analysis of the amendments in the *Irvine* case was made solely in the context of a search to determine the legislative intent in creating two appeal provisions which conflicted with one another and thus implementing what we there determined to be an irreconcilable ambiguity. We are now confronted with a question which directly challenges the language used in § 31–7–105(c):

"(c) Any order of the hearing examiner is subject to a hearing before the Wyoming tax commission in accordance with the Wyoming Administrative Procedure Act [§§ 9–4–101 to 9–4–115]."

The appellant contends in his brief that this section of the statute does not impose any burden upon the licensee to seek fur-

ther review from the Wyoming Tax Commission and that it merely provides that the commission may review the hearing examiner's decisions upon their own initiative.[4] We view the question somewhat differently.

■ We perceive there to be two blanks which render § 31–7–105(c) without effect for the purposes of this case, only, and any time an appeal is taken under like circumstances. Section 31–7–103, W.S.1977, of the Driver's License Act provides in pertinent part:

"The administration of this act is vested in and shall be exercised by the motor vehicle division under the state tax commission of Wyoming which *may* prescribe *forms* and *reasonable rules and regulations* in conformity with this act for the administration thereof. \* \* \*" (Emphasis added.)

The rules and regulations of the state tax commission were not made a part of this record by the parties but we shall take judicial notice of them.[5]

■ Rules and regulations adopted pursuant to statutory authority and when properly promulgated have the force and effect of law. §§ 9–4–101 to 9–4–106, W.S. 1977; *U. S. v. Millsap,* D.Wyo.1962, 208 F.Supp. 511. We will take judicial notice of the existence of rules and regulations though not made a part of the record by the parties. *Logan v. Pacific Intermountain Express Co.,* Wyo.1965, 400 P.2d 488; *Dame v. Mileski,* 1959, 80 Wyo. 156, 340 P.2d 205; 4A C.J.S. Appeal & Error § 1212; 31 C.J.S. Evidence § 39.

■ Section 31–7–105(c), W.S.1977, standing by itself, without implementation, is meaningless. It is the duty of courts to endeavor by every rule of construction available to ascertain the meaning of and

---

**3.** Chapter 111, S.L.Wyo.1977.

**4.** We note in passing that the appellant's brief was grossly deficient in providing authority and cogent argument to this court. Such briefing does a disservice both to the client and to this court. See *Searles v. State,* Wyo.1979, 589 P.2d 386, 390 (and authorities cited therein).

Although we reach the result he requested, we did so without the aid of counsel's efforts.

**5.** We obtained certified copies from the Secretary of State, the official depository, § 9–4–105, W.S.1977, for the purpose of our review.

give full force and effect to the legislative product. 1A Sutherland, Statutory Construction, § 21.16 (fn. 2) (1972). The legislature will not be presumed to intend futile things. *DeHerrera v. Herrera,* Wyo.1977, 565 P.2d 479; See West's Digest System, Statutes, Key Number 212.4. However, after exhausting every rule of construction if no sensible meaning can be given to a statute or if it is so incomplete that it cannot be carried into effect, it must be pronounced inoperative and void. *Midwest Hotel Company v. State Board of Equalization,* 39 Wyo. at 474, 273 P. 696; 1A Sutherland, Statutory Construction, § 21.16 (fn. 3) (1972).

We find that the reference in § 31–7–105(c) to the Administrative Procedure Act, §§ 9–4–101, *et seq.,* W.S.1977, provides a clue as to what procedure must be followed to obtain the review required by the statute. We conclude that what the statute means with its reference to the Administrative Procedure Act, is that the Wyoming tax commission will adopt rules of practice for the conduct of contested cases before it. Section 9–4–102 provides:

"(a) In addition to other rulemaking requirements imposed by law, each agency shall:

"(i) Adopt rules of practice setting forth the nature and requirements of all formal and informal procedures available in connection with contested cases;

\* \* \* "

In the actual conduct of a hearing, failure to have such rules can be prejudicially fatal. *Monahan v. Board of Trustees of Elementary School District No. 9,* Wyo.1971, 486 P.2d 235.

Our review of the rules and regulations of the state tax commission reveals that no rules and regulations have been adopted which provide a method of seeking the review contemplated by the statute. Those wishing to seek review from the tax commission are given no guidance by the rules and regulations as to: 1. Within what time frame must the appeal be effected? 2. What notice of appeal is required? 3. Is the decision of the hearing examiner stayed during the pendency of the review process or must the party seeking review specifically ask for such a stay? 4. Must the party seeking review write a brief? 5. Does the party seeking review have a right or obligation to present oral argument to the tax commission? There are a host of other unanswered procedural questions that the state tax commission must answer in the form of *reasonable* rules and regulations before § 31–7–105(c) can have any real meaning. Section 31–7–103 states that the tax commission *may* make such rules and regulations as are necessary to administer the act. Under the circumstances of the case here presented and the obvious interplay between §§ 31–7–103, 31–7–105(c), and 9–4–102(a)(i), it is mandatory that rules and regulations be adopted. *Adams v. Professional Practices Commission,* Okla.1974, 524 P.2d 932; *Lyons v. Otter Tail Power Co.,* 1938, 68 N.D. 403, 280 N.W. 192; 73 C.J.S. Public Administrative Bodies and Procedure, § 96; See West's Digest System, Administrative Law, Key Number 389.

No procedure having been provided by the state tax commission pursuant to § 9–4–102 or § 31–7–103 which would clarify and make plain to the persons affected what procedure must be followed to obtain the review required by § 31–7–105(c), we, therefore, hold that § 31–7–105(c) is inoperative and void until such time as adequate procedural rules and regulations are adopted pursuant to the Administrative Procedure Act and the rule-making power of the state tax commission. In such case an intermediate appeal between the examiner and the district court does not exist and the petitioner may go directly to the district court from the examiner. He is not deprived of an appeal to the courts.

Reversed and remanded to the district court with directions that the district court entertain appellant's petition for review pursuant to § 31–7–133, W.S.1977.