Jack WILLADSEN and Duane
Willadsen, Petitioners,

v.

George L. CHRISTOPULOS, Wyoming
State Engineer, and the Wyoming State
Board of Control, Respondents.

No. 86–154.

Supreme Court of Wyoming.

Jan. 27, 1987.

Keith G. Kautz of Sawyer, Warren & Kautz, Torrington, for petitioners.

A.G. McClintock, Atty. Gen., Steven R. Shanahan, Sr. Asst. Atty. Gen., and Jennifer Hager, Asst. Atty. Gen., for respondent George L. Christopulos, Wyoming State Engineer.

A.G. McClintock, Atty. Gen., Steven R. Shanahan, Sr. Asst. Atty. Gen., and Phil Tabor, Asst. Atty. Gen., for respondent Wyoming State Bd. of Control.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This case comes before us on a certification from the district court. We are asked to review an order of the Wyoming State Board of Control.

We reverse and remand for further proceedings in accordance with the directions contained in this opinion.

On November 25, 1981, the State Engineer's office received a complaint from petitioners Jack and Duane Willadsen alleging in substance that an irrigation well located upstream from them was depleting the stream flow and thus interfering with their surface water rights. The State Engineer's office thereafter undertook an investigation and issued a written report of its findings in April 1985. In its report, the State Engineer's office concluded that it could not substantiate that the irrigation well was depleting stream flow. On that basis, the State Engineer concluded that no regulation of the well was required.

On April 8, 1985, petitioners protested the State Engineer's finding and requested a hearing before the Board of Control. At the hearing, the State Engineer's report was received into evidence, and expert witnesses testified on behalf of each party. On February 10, 1986, the Board of Control entered its order wherein, among other things, it concluded as a matter of law:

"5. THAT the Willadsens, as Contestants, have the burden of showing a lack of substantial evidence for the decision of the State Engineer as they are the part[ies] appealing the decision of the State Engineer.

"6. THAT from the evidence before the Board of Control, there is no conclusive evidence of measurable interference * *.

"7. THAT from the record there is substantial evidence supporting the decision of the State Engineer. And said decision was not arbitrary, capricious [or] an abuse of discretion on the part of the State Engineer."

On the basis of these conclusions, the Board of Control ordered that the decision of the State Engineer be upheld.

Petitioners present the following issues for our review:

"A. Did the Board of Control apply the proper standard of review and burden of proof in considering the appeal of the Petitioners?

"B. Did the Board of Control err in its application of Wyo.Stat. Sec. 41–3–911(b) to only measurable interference to Cottonwood Creek by Cottonwood No. 1 Well?

"C. Is the decision of the Board of Control supported by substantial evidence?

"D. Were the findings and conclusions of the State Engineer arbitrary and capricious?"

The issues set out by the State Engineer are as follows:

"I. IS THE DECISION OF THE BOARD OF CONTROL SUPPORTED BY SUBSTANTIAL EVIDENCE?

"II. WERE PETITIONERS AFFORDED ALL DUE PROCESS PROTECTIONS?

"III. DID THE BOARD OF CONTROL APPLY THE PROPER STANDARD OF REVIEW?

"IV. WERE THE FINDINGS OF THE STATE ENGINEER ARBITRARY, CAPRICIOUS OR AN ABUSE OF DISCRETION?

"V. DOES THIS COURT LACK JURISDICTION SINCE PETITIONERS HAVE FAILED TO SERVE ALL PARTIES?"

Finally, the Board of Control sets forth the following issues:

"I. DOES PETITIONERS' FAILURE TO SERVE A PARTY IN INTEREST, THE BOARD OF CONTROL OR ITS ATTORNEY, DENY THE COURT OF SUBJECT MATTER JURISDICTION OVER THIS ADMINISTRATIVE APPEAL?

"II. WERE THE PETITIONERS' [sic] PROVIDED THEIR FULL DUE PROCESS RIGHTS?

"III. IS THE DECISION OF THE BOARD OF CONTROL SUPPORTED BY SUBSTANTIAL EVIDENCE?"

■ We address first the jurisdictional issue raised by the State Engineer and the Board of Control. They contend that petitioners' failure to serve their petition for review by the district court upon the Board of Control or its attorney denied the district court jurisdiction over the subject matter of petitioners' appeal. In support of their claim, respondents cite *First National Bank of Thermopolis v. Bonham*, Wyo., 559 P.2d 42, 50 (1977), wherein this Court stated the general rule that all parties whose interest will be affected by an appeal must be served, and the appellate court does not acquire jurisdiction until that is done. While recognizing the legitimacy of the general rule, we do not find it to be controlling in this case. In *First National Bank of Thermopolis v. Bonham*, the district court was unaware that all parties had not been served with the petition for review until a motion to dismiss the petition was filed. That is not true in the present case. Here, petitioners' certificate of service of their petition for review clearly states that the adjudication officer for the Board of Control and the hearing examiner were served with copies of the petition. In addition, the Board of Control filed a response to the petition concurrently with its petition for certification of this case to the Supreme Court. Finally, the Board of Control failed to object in any manner prior to this appeal to not being served with a copy of respondents' petition for review.

In the absence of a timely objection and evidence showing that service was not accomplished as provided by Rule 5, W.R. C.P., we hold that a certificate of service indicating that a copy of the petition for review was served on the Board of Control is sufficient to confer jurisdiction on the district court. A mere statement in an appeal brief that the Board of Control or its attorney was not served with the petition for review does not make it an issue for review under any appeal standard.

Having concluded that there is no jurisdictional problem, we turn to the remaining issues raised by the parties. Because those issues are interrelated, we will discuss them together.

The record demonstrates that both petitioners and respondents assumed that the purpose of the hearing before the Board of Control was to determine, in accordance with appellate review standards, whether or not the findings contained in the State Engineer's report were arbitrary, capricious, or an abuse of discretion. First, petitioners' "PROTEST TO REPORT OF STATE ENGINEER AND REQUEST FOR HEARING" prayed for a hearing on the State Engineer's investigation report and conclusions. Second, petitioners alleged in their petition for review before the district court that they "appealed" the report to the Board of Control. Third, respondents admitted in their response to the petition for review that petitioners "appealed" the report to the Board of Control. Fourth, the Board of Control applied appellate review standards in finding that there was "substantial evidence supporting the decision of the State Engineer" and that the decision "was not arbitrary, capricious [or] an abuse of discretion."

■ The parties involved in this action have been operating under a mistaken assumption. The hearing before the Board of Control did not constitute an appeal, and its purpose was not to review the report prepared by the State Engineer's office. The purpose of the hearing before the Board of Control was to adjudicate the question of whether or not the upstream irrigation well was interfering with petitioners' downstream flow. The report merely constitutes evidence tending to negate the alleged interference; it does not constitute a decision or order subject to review by the Board of Control or by this Court.

Section 41–3–911(b), W.S.1977,[1] merely provides that upon receipt of a written complaint of a water appropriator alleging interference by a junior right, the State Engineer will undertake an investigation to determine if the alleged interference exists and shall report his findings to all interested parties. If the complainant is dissatisfied with the result of the State Engineer's investigation, he may seek relief under § 41–3–911(c), W.S.1977.[2] Under that statutory section and the applicable provisions of the Wyoming Administrative Procedure Act, the standard applicable to an adjudicatory hearing before the Board of Control, unless otherwise stated, is the "preponderance of the evidence" standard customarily used in civil cases. *Amerada Hess Pipeline Corporation v. Alaska Public Utilities Commission*, Alaska, 711 P.2d 1170, 1179 n. 14 (1986); *Intermountain Health Care, Inc. v. Board of County Commissioners of Blaine County*, Idaho, 107 Idaho 248, 688 P.2d 260, 263 (1984), quoting E. Cleary, McCormick on Evidence § 357 (3d ed. 1984).

Because the Board of Control failed to apply the preponderance of the evidence standard and instead applied the substantial evidence test applicable to appellate review of an agency decision, we find that petitioners were denied due process. As evidenced by the Board of Control's conclusions of law, petitioners not only had the burden of showing a lack of substantial evidence for the decision of the State Engineer, but they also had the virtually impossible task of proving conclusively that there was evidence of measurable damage. The use of these standards at an evidentiary hearing violates due process.

We, therefore, reverse and remand this case to the Board of Control for rehearing to determine whether petitioners can prove their claim by a preponderance of the evidence.

THOMAS, J., filed a concurring and dissenting opinion.

THOMAS, Justice, concurring and dissenting.

This court has articulated our reluctance to treat with constitutional questions unless that is absolutely necessary. *Marion v. City of Lander*, Wyo., 394 P.2d 910 (1964), cert. denied 380 U.S. 925, 85 S.Ct. 929, 13 L.Ed.2d 810, reh. denied, 380 U.S. 989, 85 S.Ct. 1352, 14 L.Ed.2d 283 (1965). It is not necessary to invoke any constitutional principle to decide this case, and consequently it is inappropriate to conclude that the Board of Control denied due process to the petitioners by failing to apply the preponderance of evidence standard. That simply was a mistake of law which flowed from the initial mistake by the Board of Control in assuming that it was in the posture of a reviewing body rather than recognizing that its duty was to conduct the contested case hearing required by the Wyoming Administrative Procedure Act, § 16–3–101, et seq., W.S.1977, in accordance with the provisions of § 41–3–911(c), W.S.1977.

If we turn to the applicable provision of the Wyoming Administrative Procedure

---

1. Section 41–3–911(b), W.S.1977, provides:
   "Any appropriator of either surface or underground water may file a written complaint alleging interference with his water right by a junior right. Complaints are to be filed with the state engineer and are to be accompanied by a fee of one hundred dollars ($100.00) to help defray costs of investigation. This section is not applicable to interference between two (2) surface water rights. Upon receiving the complaint and fee, the state engineer shall undertake an investigation to determine if the alleged interference does exist. Following the investigation, the state engineer shall issue a report to all interested parties stating his findings. The report may suggest various means

   of stopping, rectifying or ameliorating the interference or damage caused thereby."

2. Section 41–3–911(c), W.S.1977, provides:
   "Any interested appropriator who is dissatisfied with the results of the foregoing procedure may proceed under the applicable provisions of the Wyoming Administrative Procedure Act [§§ 9–4–101 through 9–4–115]. If a hearing is to be held, it shall be held before the appropriate water division superintendent. The superintendent shall report to the board of control at its next meeting. The board shall issue its order to include findings of fact and conclusions of law."

Act, § 16–3–108(a), W.S.1977, we find that it provides in pertinent part as follows:

"In contested cases irrelevant, immaterial or unduly repetitious evidence shall be excluded *and no sanction shall be imposed or order issued except upon consideration of the whole record or such portion thereof as may be cited by any party and unless supported by the type of evidence commonly relied upon by reasonably prudent men in the conduct of their serious affairs.  * * * "* (Emphasis added.)

In *Steadman v. Securities and Exchange Commission,* 450 U.S. 91, 101 S.Ct. 999, 67 L.Ed.2d 69, reh. denied 451 U.S. 933, 101 S.Ct. 2008, 68 L.Ed.2d 318 (1981), § 7(c) of the federal Administrative Procedure Act, 5 U.S.C. § 556(d), was construed by the Supreme Court of the United States. In pertinent part § 7(c) of the federal Administrative Procedure Act provides:

" * * * A sanction may not be imposed or rule or order issued except on consideration of the whole record or those parts thereof cited by a party and supported by and in accordance with the reliable, probative and substantial evidence.  * * * "  5 U.S.C. § 556(d)

This language is substantially similar to the language found in the Wyoming Administrative Procedure Act, § 16–3–108(a), W.S.1977, and the Supreme Court of the United States held that in adopting that language Congress intended to provide a preponderance of the evidence standard in contested case hearings before an administrative agency.  The Court examined the legislative history relating to the statute and concluded that the language was "intended to establish a standard of proof and that the standard adopted is a traditional preponderance of the evidence standard." *Steadman v. Securities and Exchange Commission,* supra, 101 S.Ct. at 1008.

In *Bender v. Clark,* 744 F.2d 1424 (10th Cir.1984), the Tenth Circuit Court of Appeals considered an instance in which a contested case hearing was not required but rather an informal hearing was held. That Court concluded that when an agency elects to hold a hearing the proper standard of proof must be used, and adopted the standard of preponderance of the evidence.

"It is well settled that where Congress has failed to establish the degree of proof required in an administrative proceeding, the judiciary is the traditional, and the most appropriate, forum to prescribe the standard. [Citations omitted.] Hence, we must determine the appropriate standard of proof required in an administrative proceeding conducted to decide whether a particular tract subject to federal oil and gas leasing is within a KGS.

"The traditional standard required in a civil or administrative proceeding is proof by a preponderance of the evidence. [Citations omitted.]" *Bender v. Clark,* supra, 744 F.2d at 1429.

This holding was consistent with *Steadman v. Securities and Exchange Commission,* supra (see n. 22).  It also is compatible with Davis, Administrative Law Treatise, Evidence, § 16.9 (1979).  As one encyclopedia expresses the concept:

"As a general rule the comparative degree of proof by which a case must be established is the same before an administrative tribunal as in a judicial proceeding—that is, a preponderance of the evidence." 2 Am.Jur.2d, Administrative Law, § 392 at 199 (1962). (Footnote omitted.)

On the basis of these authorities I am prepared to agree that in a contested case hearing before an administrative agency in the state of Wyoming the standard for the burden of proof is a preponderance of the evidence.

I would leave the matter at that and simply require upon remand that the Board of Control impose the burden upon the Willadsens of establishing the interference with their water right by a preponderance of the evidence.  That burden is appropriately placed upon the one who is challenging a decision before an administrative agency.  See *Pan American Petroleum*

*Corporation v. Wyoming Oil and Gas Commission,* Wyo., 446 P.2d 550 (1968).

I would hold that, without invoking any constitutional premise, the Board of Control committed an error of law in requiring any higher standard of proof than that of a preponderance of the evidence with respect to the Willadsens. Recognizing, as I have indicated, that this error probably followed from the error in concluding that the matter was before the Board of Control for review rather than a contested case hearing, I believe it is appropriate to furnish the Board of Control with guidance in proceeding with any further hearings in this case.

With this exception I concur with the opinion of the majority, and I certainly agree as to the disposition of the case on the merits.