**John R. DOIDGE, Appellant (Petitioner),**

v.

**STATE of Wyoming, BOARD OF CHARITIES AND REFORM, Appellee (Respondent).**

**No. 89–152.**

Supreme Court of Wyoming.

April 6, 1990.

Robert C. Morton of Harris and Morton, P.C., Evanston, for appellant.

Robert A. Nicholas, Sr. Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

Appellant John R. Doidge appeals from an order denying his petition for review of the decision by the Personnel Division of the Department of Administration and Fiscal Control (DAFC) not to grant him a hearing after Appellee Board of Charities and Reform (the Board) removed him from the position of superintendent of the Wyoming State Hospital.

We affirm.

Doidge presents the following issues for our review:

> Did the district court err[ ][ ] in failing to find that Appellant retained his status as permanent employee when he was appointed to the superintendent position at the Wyoming State Hospital[?]
>
> If the answer to the first issue as stated above is in the affirmative, the next issue is whether or not Appellant was afforded procedural due process when the State denied Appellant's request for a hearing, and where documents were submitted in violation of the Wyoming Rules of Civil Procedure.

Doidge was hired on October 15, 1984, as a staff psychologist at the Wyoming State Hospital. On November 1, 1985, he attained permanent employee status according to the personnel rules for executive branch employees.[1] The Board appointed

---

1. Chapter VII, Section 12 of the Personnel Rules of the Executive Branch of Wyoming State Government (effective October 1985 as revised July 1986) provided:

    *Permanent Appointments.* Upon satisfactory completion of the probationary period the appointing authority shall permanently appoint a probationary employee. Such appointment shall be made in writing to the Personnel Division and the employee and shall include a statement that the employee's performance has been satisfactory. Permanent appointments shall be made effective on the first day of the thirteenth month of con-

Doidge to the position of superintendent of the Wyoming State Hospital on November 1, 1987. *After Doidge had served as super-intendent for approximately one year, the Board notified him that he was being dis-missed.* The Board did not reinstate Doidge as a staff psychologist, but it did inform him that he could apply for that position.

On November 3, 1988, the Personnel Di-vision of DAFC received a petition for re-view from Doidge, claiming that he was a permanent employee whose employment was terminated without the benefit of a hearing as required by the personnel rules. In his petition, Doidge requested that he be

afforded procedural rights guaranteed to permanent employees by the personnel rules and that he be reinstated as a staff psychologist.[2]

In a letter dated December 15, 1988, the personnel administrator for the Personnel Division of DAFC informed Doidge that he was not entitled to a hearing because he voluntarily vacated his permanent position as staff psychologist and because Wyo. Stat. § 25-1-201(b)(i) (1977) gave the Board authority to remove the superintendent of the Wyoming State Hospital without cause. On January 12, 1989, Doidge filed a peti-tion for review in the district court, reit-

---

tinuous service following the probationary ap-pointment.

2. Chapter XII, Section 3(c)(i) of the Personnel Rules of the Executive Branch of Wyoming State Government (effective October 1985) stat-ed in pertinent part:

(c) Dismissal.

(i) Dismissal of Permanent Employees. If previous disciplinary action has not served to achieve corrective results, or if the nature and extent of the just cause is such that other disciplinary action is not appropriate, the agency head may dismiss a permanent em-ployee for the good of the service.

(A) Prior to the dismissal of a permanent employee the agency head shall provide to the employee written notification specifying:

(I) The reason(s) and evidence for dismis-sal; and

(II) An opportunity for the employee within ten (10) working days to respond in writing to the charge(s).

The agency head shall have three (3) working days to consider the response. If the agency head perceives that the employee may endan-ger the peace and safety of others or pose a grave threat to the public interest, the agency head may suspend the employee, with pay, pending the dismissal review period.

(B) If after the dismissal review period the agency head determines dismissal is appropri-ate, the agency head shall provide, personally or by return receipt requested certified mail, written notification to the employee specify-ing:

(I) The reason(s) for the dismissal;

(II) The effective date of the dismissal; and

(III) The right to a hearing pursuant to Chapter XIII, Section 6, of these rules.

Chapter XIII, Section 6 of the Personnel Rules of the Executive Branch of Wyoming State Government (effective October 1985) provided in pertinent part the following procedures for appealing dismissal decisions:

(a) Within twenty (20) days of receipt of a notice of dismissal, a permanent employee

may file a petition for review with the Person-nel Administrator. The petition shall include a brief statement of the events giving rise to the dismissal and the relief sought. Copies of the petition shall be sent to the employing agency and the Attorney General. If an em-ployee does not petition for review within the time prescribed, there shall be no other or further right to appeal, and the dismissal shall stand.

\*    \*    \*    \*    \*    \*

(e) Hearing Authority Purpose and Authority.

(i) *The purpose of the hearing is to deter-mine whether there exists good cause for the dismissal.* The Hearing Authority shall de-cide, based upon all of the evidence produced at the hearing and upon no other basis, whether the allegations made in support of the dismissal are true and, if true, whether they fairly and reasonably constitute grounds for dismissal under the Personnel Rules.

(ii) The Hearing Authority shall affirm or reverse the dismissal and/or recommend oth-er personnel actions so long as the decisions and recommendations are not in conflict with Personnel Rules and State Statutes.

(f) Dismissal Appeal Hearing.

(i) Within thirty (30) days of the formation of the Hearing Authority, the Hearing Author-ity must open a hearing or render a decision, without a hearing, based solely on the written record. Any disposition made without a hear-ing shall be in accordance with Rule 56 of the Wyoming Rules of Civil Procedure.

(A) If the issues raised by either or both parties are such that further proceedings are unnecessary, the Hearing Authority shall sub-mit a written decision to the Personnel Ad-ministrator who shall forward copies to both parties.

(B) If the issues raised by either or both parties are such that further proceedings are necessary, the [H]earing [A]uthority shall ini-tiate a hearing.

(Emphasis added.)

erating his allegations that he was a permanent employee and that he was denied the procedural due process granted to permanent employees by the personnel rules. Doidge requested that the court find the Board's action unlawful, remand the matter back to the Board for a formal hearing, and award him back pay for the period of time between his discharge and the date of a formal hearing.

On May 31, 1989, the district court issued an order denying Doidge's petition for review. The court's decision letter stated that Doidge did not retain his permanent employee status when he accepted the appointment as superintendent of the Wyoming State Hospital and that, therefore, the Board could dismiss him as superintendent without a hearing.

■ We review a district court decision concerning an appeal from an administrative action or inaction which adversely affects a person according to the standards prescribed in W.R.A.P. 12.09[3] and Wyo. Stat. § 16-3-114(c) (1977). *Employment Security Commission of Wyoming v. Western Gas Processors, Ltd.,* 786 P.2d 866 (Wyo.1990); *Cook v. Zoning Board of Adjustment for the City of Laramie,* 776 P.2d 181 (Wyo.1989); *Department of Revenue and Taxation of State of Wyoming v. Casper Legion Baseball Club, Inc.,* 767 P.2d 608 (Wyo.1989). Section 16-3-114(c) states:

> To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be

taken of the rule of prejudicial error. The reviewing court shall:

> (i) Compel agency action unlawfully withheld or unreasonably delayed; and

> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

> (B) Contrary to constitutional right, power, privilege or immunity;

> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

> (D) Without observance of procedure required by law; or

> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

When the issue on appeal is a conclusion of law, we will affirm the agency's decision if it is in accordance with law. *Western Gas Processors, Ltd.,* 786 P.2d 866.

■ Doidge contends that he was entitled to have a hearing before the Board terminated his employment with the Wyoming State Hospital because he was a permanent employee under the personnel rules. We disagree. The Board has authority to discharge the superintendent of the Wyoming State Hospital without cause. Section 25-1-201(b)(i). Whether Doidge retained his permanent employee status as a staff psychologist after the Board appointed him to the position of superintendent depends upon the construction and application of the personnel rules promulgated by DAFC. This Court has stated that rules and regulations adopted pursuant to statutory authority have the force and effect of law. *Distad v. Cubin,* 633 P.2d 167 (Wyo. 1981); *Yeik v. Department of Revenue and Taxation,* 595 P.2d 965 (Wyo.1979).[4]

---

3. W.R.A.P. 12.09 states in pertinent part:
   The review shall be conducted by the court without a jury and shall be confined to the record as supplemented pursuant to Rule 12.-08, W.R.A.P., and to the issues raised before the agency. The court's review shall be limited to a determination of the matters specified in § 16-3-114(c).

4. The personnel rules for executive branch employees were promulgated by the Personnel Division of DAFC pursuant to Wyo.Stat. §§ 9-2-1001 to -1002, §§ 9-2-1019 to -1022, and §§ 16-3-101 to -115 (1977).

We have also held that we will defer to an administrative agency's construction of its rules unless such construction is clearly erroneous or inconsistent with the plain meaning of the rules. *Croxton v. Board of County Commissioners of Natrona County*, 644 P.2d 780 (Wyo.1982).

Doidge has failed to show that the personnel administrator's interpretation of the personnel rules was clearly erroneous or inconsistent with the plain meaning of the rules. Instead, Doidge argues that this case is analogous to *Spurlock v. Board of Trustees, Carbon County School District No. 1*, 699 P.2d 270 (Wyo.1985). In that case, this Court held that a school principal who was a tenured teacher before he became a principal did not lose his tenure as a teacher when he was discharged from the position of principal. We explained that Spurlock retained his tenure because

> there would be a simple procedure to circumvent a teacher's tenure: make him a principal and then discharge him. It is desirable—and even important—to have people with extensive classroom teaching experience in administrative positions. It would be difficult to fill administrative positions with experienced teachers if the teachers would have to give up tenure upon accepting administrative positions.

*Id.* at 272. We held that the school board had to adhere to the procedural rights guaranteed to tenured teachers before it could discharge Spurlock.

The questionable policy employed to justify the *Spurlock* decision does not apply in this case. We affirm the personnel administrator's decision that Doidge did not retain his permanent employee status when he accepted the appointment to serve as the superintendent of the Wyoming State Hospital. Because he served as superintendent of the Wyoming State Hospital at the will of the Board, Doidge was not entitled to a hearing before the Board terminated his employment.

Affirmed.

THOMAS, Justice, concurring specially.

I concur in the majority opinion in this case, and I am in complete agreement with all the propositions that it encompasses. In addition, I must disagree with the attempt by Doidge to preserve his prior position as a vacancy while serving as Superintendent of the State Hospital. That effort to maintain his tenured status on the staff evidences a clear conflict of interest. If one assumes that a full staff is important to the delivery of those services that are to be furnished by the State Hospital, the maintenance of that vacancy as a fall-back position for himself was incompatible with Doidge's duties as Superintendent. The effort to preserve a vacancy for himself, at the expense of a full staff, should not be countenanced.

Furthermore, § 25–1–201(b)(i), W.S.1977, provides that the State Board of Charities and Reform:

> "(b) * * * [S]hall appoint and may remove without cause the following officers:
>
> "(i) Superintendents of the Wyoming * * * state hospital * * *; (emphasis added)."

An appointment is different from a promotion, and the applicable statutory language serves to distinguish this case from the case of *Spurlock v. Board of Trustees, Carbon County School District No. 1*, 699 P.2d 270 (Wyo.1985).

One cannot be appointed to an office or position without one's consent. Perhaps the same notion applies to a promotion, but the two means of advancement do not encompass the same dynamics.

> " * * * To appoint is to designate or assign to a position. To promote is to advance or progress to a higher grade, position or degree." *Daub v. Coupe*, 9 A.D.2d 260, 193 N.Y.S.2d 47, 52 (1959).
>
> "Ordinarily the word, 'appoint,' means to name or designate some person to hold an office. It involves a matter of choice in the selection of the person to hold the office." *State ex rel. Brothers v. Zellar*, 7 Ohio St.2d 109, 218 N.E.2d 729, 732 (1966).

While the distinction may be fine, it is significant. The statutory authority to appoint the Superintendent of the State Hos-

pital assumes an unfettered choice vested in the State Board of Charities and Reform. If its statutory authority were to promote, then it would be required to fill the position from tenured staff. It is not required to do that, however, and the result is that the appointee, even if previously a member of the tenured staff, assumes the appointment with no greater privileges, and the same impediments, as an appointee from outside the tenured staff. Doidge voluntarily sought that status when he pursued the appointment.

It is clear that Doidge was not promoted, and he cannot be demoted. Under the language of the statute, he could be removed without cause, and that is what the Board did. The removal left him with no right to be reinstated in his tenured position. He voluntarily severed that relationship when he sought, and received, the appointment.

URBIGKIT, Justice, dissenting, with whom GOLDEN, Justice, joins.

We are presented with an appeal involving appellant John R. Doidge, Ph.D., J.D., a terminated State employee, and appellee State of Wyoming as employer. This court cites only one case in analysis of contention and decision. That case is *Spurlock v. Board of Trustees, Carbon County School Dist. No. 1*, 699 P.2d 270 (Wyo.1985), decided five years ago by a unanimous court.

It is my perception that unless we reverse *Spurlock*, we play word games in affirming denied rights to this recently discharged State employee. Consequently, I dissent and would apply *Spurlock* in its plain terms. After all, appellant only asked for a hearing on retention within his tenured employee status obtained before promotion to the Superintendent of the Wyoming State Hospital, and even that has been denied to him. My enthusiasm for requiring hearing protection for this em-

ployee upon termination comes from the failure, when he was offered the position, of any advice that he would, unlike *Spurlock*, sacrifice all of his earned right as a tenured State employee if he accepted the offer. He was not informed by the Board of Charities and Reform or its administrative director and he was not alerted by anything in personnel rules or regulations. As a matter of law, he was probably mislead by the *Spurlock* decision being both recent and well known. There was a total absence of statement in the Wyoming state personnel rules warning a covered employee that upon promotion to a non-tenured administrative responsibility in the same agency, the promotion would be considered to be a resignation causing loss of any previously earned rights under the Wyoming state personnel rules.

To play fair in this business, it seems to me appellant should have been told when considering the advancement in the agency that the acceptance constituted resignation from the previous position so that all of his eggs would be in one basket of success as the promoted administrator. This could have been done either by notice with the offer or by provisions of the personnel rules which define rights for state employees. *Neither was done.*[1]

It is unquestionable that appellant, in his employment at the Wyoming State Hospital as a psychologist, had earned tenured status and general rights provided by the Wyoming state personnel rules. It also is unquestionable that those rules, with propriety of adoption unquestioned in this record, have the force and effect of law since adoption is specifically directed and controlled by the statutes cited in the rules for their authority. W.S. 9–2–1001, 9–2–1002, 9–2–1019 through 9–2–1022 and 16–3–101 through 16–3–115.[2] *Yeik v. Depart-*

---

1. I also have some procedural questions about the process utilized for denied hearing. Another concern exists about a question pervading this record, that with the removal as superintendent, appellant properly, as a result of that removal, should also be pushed out of the agency so that his successor would not be subject to disruption of the new administration. However, I will confine consideration to *Spurlock*

and lack of employee's advance notice of the risk of what has now been done to him.

2. For coverage, the rules in part provide:
   Section 2. *Coverage.* These rules apply to all positions and employees in the Executive Branch, provided that the University of Wyoming and the positions of Governor, Secretary of State, State Auditor, State Treasurer, Super-

*ment of Revenue and Taxation,* 595 P.2d 965 (Wyo.1979). In *Spurlock,* the decision favoring the employee's retention of his rights upon promotion to administrator was found in the statute which provided for tenure as a teacher in public education, W.S. 21–7–102(a)(ii)(A). Here, the retained right flows directly from a statute equally effective as was the case in *Spurlock.*

In *Spurlock,* 699 P.2d at 272, we said:

Appellant became tenured as a teacher pursuant to the provisions of the Wyoming Teacher Employment Law. His continued employment as a certified professional employee did not change his tenured position as a classroom teacher. There is nothing in the act to reflect that such a change should occur. Accordingly, appellee had to afford appellant the procedural and evidentiary standards incident to a tenured classroom teacher position before it could discharge appellant from such position.

In Doidge, I would similarly say:

Appellant became tenured as a *State employee* pursuant to the provisions of the *Personnel Rules of the Executive Branch of Wyoming State Government adopted pursuant to Wyoming statute.*

His continued employment as a *hospital superintendent* did not change his tenured position as a *staff psychologist.* There is nothing in the *personnel rules* to reflect that such a change should occur. Accordingly, appellee had to afford appellant the procedural and evidentiary standards incident to a tenured *state employee* position before it could discharge appellant from such position.

I resist this decision because effectively we, as a court, now write new personnel rules for each and every public employee in the state where any rights to a hearing before discharge may be provided by the agency except *the teachers in the public school system* who alone have the benefit of either notice or *Spurlock.* Consequently, I would reverse and remand to require a hearing before this state employee can be separated from his tenured rights provided by the Wyoming state personnel rules.

---

intendent of Public Instruction, and District Attorney are exempt. The Governor is exempt from Chapters II through VII in the appointment of agency heads.

Personnel Rules of the Executive Branch of Wyoming State Government, ch. 1 (July 1986).