**WYOMING STATE ENGINEER and the Wyoming State Board of Control, Petitioners (Respondents),**

v.

**Jack WILLADSEN and Duane Willadsen, Respondents (Petitioners).**

No. 89–223.

Supreme Court of Wyoming.

June 1, 1990.

Joseph B. Meyer, Atty. Gen., Mary B. Guthrie, Sr. Asst. Atty. Gen., Jennifer Hager, Asst. Atty. Gen., and Frank Gibbard, Legal Intern, for petitioner Wyoming State Engineer.

Joseph B. Meyer, Atty. Gen., and S. Jane Caton, Asst. Atty. Gen., for petitioner Wyoming State Bd. of Control.

John W. Pattno, Cheyenne, for respondents.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

Jack Willadsen and Duane Willadsen appeal from a decision by the Wyoming State Board of Control which affirmed the Wyoming State Engineer's determination that an irrigation well operated by an upstream landowner did not interfere with the Willadsens' surface water rights. The Willadsens appealed the Board of Control's decision to the district court, and the district court certified the appeal to this Court.

We affirm.

The Willadsens present the following issues:

I. Did the District Court err[ ][ ] in failing to hear this case and by certifying the case to the Supreme Court[?]

II. Is it error for the State Board of Control, as hearing officer, to petition for certification of a case to the Supreme Court[?]

III. Did the Board of Control err[ ][ ] in arbitrarily disregarding the uncontradicted and unimpeached testimony of the Contestant Petitioners[?]

IV. Did the Board of Control err[ ][ ] in failing to find that Contestant Petitioners proved by a preponderance of evidence that there was interference by Cottonwood No. 1 Well with Cottonwood Creek[?]

V. Did the Board of Control err[ ][ ] in its arbitrary decision[?]

The Willadsens own a surface water right in water which flows out of Cottonwood Creek. The creek is located approximately eighteen miles north of Wheatland, Wyoming, and feeds a ditch which runs through the Willadsens' ranch. On November 25, 1981, the State Engineer's office received a complaint from the Willadsens contending that an upstream irrigation well was interfering with their surface water rights. Pursuant to Wyo. Stat. § 41-3-911(b) (1977),[1] the State Engineer's

---

1. Wyo. Stat. § 41-3-911 (1977) provides in pertinent part:

(b) Any appropriator of either surface or underground water may file a written complaint alleging interference with his water

office conducted an investigation to determine if interference existed. The State Engineer's office prepared a report and concluded that the investigation could not substantiate the existence of interference.

 The Willadsens contested the results of the investigation at a hearing held before the Board of Control. The Board of Control received evidence and decided that the Willadsens failed to carry their burden of establishing that the irrigation well interfered with their surface water rights. The Willadsens appealed the Board of Control's decision to the district court, and the district court certified the appeal to this Court. We remanded the case back to the Board of Control because it utilized the wrong burden of proof. *Willadsen v. Christopulos*, 731 P.2d 1181 (Wyo.1987). We held that the Willadsens were entitled to relief if they established by a preponderance of the evidence that the well interfered with their rights. *Id.*

Once again, the Board of Control held a hearing and received evidence. The Board of Control examined evidence presented at the first hearing and heard additional testimony from expert and lay witnesses. The Board of Control concluded that "the testimony of the parties' experts and lay witnesses did not convince the Board that interference between Cottonwood No. 1 Well Permit No. U.W. 48944[ ] and Cottonwood Creek was any more probable than not" and dismissed the Willadsens' complaint of interference.

The Willadsens appealed the Board of Control's dismissal to the district court. As it did with the first appeal, the district court certified the case to this Court. We must decide whether the appeal was prop-erly certified and whether the Board of Control's conclusion is in accordance with law and supported by substantial evidence.

The Willadsens contend that the district court erred when it certified their case to this Court. W.R.A.P. 12.09 provides in pertinent part that review of an agency determination

> shall be conducted by the court without a jury and shall be confined to the record as supplemented pursuant to Rule 12.08, W.R.A.P., and to the issues raised before the agency. The court's review shall be limited to a determination of the matters specified in § 16–3–114(c).

> If after such review, the district court concludes the matter to be appropriate for determination by the Supreme Court, the district court may certify the case to the Supreme Court. Upon notification of such certification, the petitioner shall pay the required docketing fee.

Under that rule, the district court's decision to certify a case to this Court is discretional. *Safety Medical Services, Inc. v. Employment Security Commission of Wyoming*, 724 P.2d 468 (Wyo.1986). The record fails to show that the district court abused its discretion, and the Willadsens have not presented cogent argument or authority demonstrating such abuse. Consequently, we hold that this appeal was properly certified for our review.

The Willadsens also contend that the Board of Control's conclusion that the Willadsens failed to prove interference is inconsistent with the evidence and is arbitrary. After an appropriator of surface water files a complaint alleging interference, the State Engineer must conduct an investigation to determine if interference

right by a junior right. Complaints are to be filed with the state engineer and are to be accompanied by a fee of one hundred dollars ($100.00) to help defray costs of investigation. This section is not applicable to interference between two (2) surface water rights. Upon receiving the complaint and fee, the state engineer shall undertake an investigation to determine if the alleged interference does exist. Following the investigation, the state engineer shall issue a report to all interested parties stating his findings. The report may suggest various means of stopping, rectifying or ame-liorating the interference or damage caused thereby.

(c) Any interested appropriator who is dissatisfied with the results of the foregoing procedure may proceed under the applicable provisions of the Wyoming Administrative Procedure Act [§§ 16–3–101 to –115]. If a hearing is to be held, it shall be held before the appropriate water division superintendent. The superintendent shall report to the board of control at its next meeting. The board shall issue its order to include findings of fact and conclusions of law.

exists and issue a report to all interested parties. An appropriator who is dissatisfied with the findings of the State Engineer may seek relief under the Wyoming Administrative Procedure Act. Section 41–3–911(c). If an adjudicatory hearing is held before the Board of Control, the appropriator has the burden of proving the existence of interference by a preponderance of the evidence. *Willadsen,* 731 P.2d 1181. Our review of the Board of Control's determination is subject to the standards specified in W.R.A.P. 12.09 and Wyo. Stat. § 16–3–114(c) (1977). *Doidge v. State Board of Charities and Reform,* 789 P.2d 880 (Wyo.1990); *Employment Security Commission of Wyoming v. Western Gas Processors, Ltd.,* 786 P.2d 866 (Wyo.1990); *Cook v. Zoning Board of Adjustment for the City of Laramie,* 776 P.2d 181 (Wyo. 1989). Section 16–3–114(c) provides:

> To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> (i) Compel agency action unlawfully withheld or unreasonably delayed; and
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> (B) Contrary to constitutional right, power, privilege or immunity;
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> (D) Without observance of procedure required by law; or
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

When we review an agency decision which a party claims is arbitrary and inconsistent with the evidence, we apply the substantial evidence test and determine whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Such evidence may be less than the weight of the evidence but cannot be contrary to the overwhelming weight of the evidence." *Big Piney Oil & Gas Company v. Wyoming Oil and Gas Conservation Commission,* 715 P.2d 557, 561–62 (Wyo.1986) (citations omitted).

We find substantial evidence in the record to support the Board of Control's conclusion that the Willadsens did not prove the existence of interference. In both hearings before the Board of Control, the groundwater hydrologist who designed the interference test for the Willadsen investigation testified that pumpage of the well in question did not have a measurable or observable effect on Cottonwood Creek. The Willadsens' witnesses primarily based their testimony on the same data used by the State's witnesses and concluded that interference existed. The Board of Control believed the State's expert, and we conclude that a reasonable mind would accept that evidence as adequate to support the Board of Control's conclusion. Because the Board of Control's decision is supported by substantial evidence, we must uphold its findings. *Id.; McCulloch Gas Transmission Company v. Public Service Commission of Wyoming,* 627 P.2d 173 (Wyo. 1981).

Affirmed.